### REPUBLIC SUPPLY CO. v. WEAVER.
### (No. 9925.)

(Court of Civil Appeals of Texas. Fort Worth. Nov. 19, 1921.)

**1. Pleading ⬤═8(9)—Allegations as to exhibits not attached held to present conclusions.**

Where a petition to restrain enforcement of a judgment and levy of execution thereon alleged that a copy of the judgment complained of was attached to the petition, that the judgment was not final, that the original citation was defective, not being attested, and that the sheriff's return thereon was defective, but there was no copy of the judgment or citation or return attached, nothing was presented but the conclusions of the pleader.

**2. Judgment ⬤═460(3)—Petition to enjoin enforcement of default judgment held insufficient.**

Allegations, in a petition to enjoin enforcement of a default judgment, that it was without any want of diligence on defendant's part, and without fault on his part, and that he has been denied a meritorious defense, were too general to excuse failure to appear at trial, and, there being no allegations to show why he did not proceed to have the judgment set aside by motion for new trial or by appeal, the petition was insufficient.

---

⬤═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Judgment ⊂⊃460(1)—Elements of petition for relief from judgment stated.**

Bills in equity, seeking relief from judgments by courts of competent jurisdiction, must show a meritorious defense, and that the complainant was prevented from pressing his defense through fraud, accident, or mistake, without fault or negligence on his part, and show sufficient equitable excuse for failure to move for new trial during the term, or to seek relief from the judgment by appeal.

Appeal from District Court, Wichita County; H. F. Weldon, Judge.

Suit by Lloyd Weaver against the Republic Supply Company and another. From a decree for plaintiff, defendant named appeals. Reversed and remanded.

Bonner & Bonner and W. H. Sanford, all of Wichita Falls, for appellant.

Weeks, Morrow & Francis, of Wichita Falls, for appellee. .

DUNKLIN, J. Lloyd Weaver instituted this suit against the Republic Supply Company and Fred K. Smith, sheriff of Wichita county, to restrain the collection of a judgment rendered in favor of the Republic Supply Company against the plaintiff herein in another suit in the same court in favor of the Republic Supply Company against Lloyd Weaver; also to restrain the levy of an execution that had been issued upon that judgment and placed in the hands of the defendant sheriff to be levied on plaintiff's property. Contemporaneously with the filing of the petition, the trial judge granted a temporary writ of injunction, giving to plaintiff the relief prayed for until the case could be tried upon its merits. That order was granted upon an ex parte hearing, without notice to the defendant, and upon allegations in plaintiff's petition alone, which were duly verified by the plaintiff, and the defendant the Republic Supply Company has prosecuted this appeal from that order.

As a basis for the relief prayed for, it was alleged that the judgment, the collection of which was sought to be enjoined, was rendered by default against Weaver, and that it was not a final judgment, and void, and that it should be set aside, because, first, no testimony was introduced to sustain it; second, that it was rendered against a partnership; third, that it purports to be based upon a written guaranty of debt, which was made the subject-matter of the suit, and which Weaver had never signed nor authorized any one else to sign for him, and that therefore the judgment was obtained through fraud; fourth, that the original citation issued in that cause was defective, in that it was not attested by the seal of the court out of which it was issued; fifth, that the sheriff's return on the citation was defective, in that it does not show that a copy of the citation was served "on each of the defendants" named in the officer's return.

[1] It was alleged in the petition that a copy of the judgment complained of was attached to the petition and made a part thereof; but the record before us fails to show that any such copy of the judgment was, in fact, attached to the petition. Furthermore, there was no copy of the citation, nor the officer's return thereon, attached to the petition, nor does the record here show any such copy. In the absence of such copies, nothing was presented to the trial judge but the bare conclusions of the pleader as to the legal purport and effect of the judgment, and as to what the citation and the officer's return thereon really showed.

[2] It was further alleged in plaintiff's petition that, "without any want of diligence" on his part and "without fault on his part, he has been denied a meritorious defense to the suit on' which said judgment is based, and said judgment should be reopened and re-examination of the cause had on its merits." Those were the only allegations attempting to excuse the plaintiff from a failure to appear at the trial of the suit and urge his defense thereto, and those allegations are entirely too general even to excuse his failure to appear at the trial. Furthermore, the petition contains no allegations whatever, even by way of legal conclusions, to show why he did not take steps to have the judgment set aside, either by motion for a new trial or by appeal to a higher court.

[3] It is well settled by repeated decisions of our Supreme Court that bills in equity, seeking relief from judgments solemnly rendered by courts of competent jurisdiction, must show not only a meritorious defense to the suit which resulted in the judgment, but must also show by allegations of fact, and not by mere conclusions of the pleader, that the complainant was prevented from presenting his defense to the suit at the time of the trial through fraud, accident, or mistake, without fault or negligence on his part, and must also show a sufficient equitable excuse for his failure to move for a new trial during the term of the court at which the judgment was rendered or to seek relief from the judgment by appeal to a higher court. See Kimmell v. Edwards, 193 S. W. 363, and authorities there cited, to which might be added many others of like import.

Tested by the rule announced in those decisions, the petition for injunction was so obviously defective as to require that the judgment be reversed and the cause remanded; and it is accordingly so ordered.

---

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes