**SOUTHERN SURETY CO. v. TEXAS OIL CLEARING HOUSE et al.  (No. 11012.) \***

(Court of Civil Appeals of Texas.  Fort Worth.  June 7, 1924.  Rehearing Denied Oct. 25, 1924.)

1. **Judgment ⬡447(1) — When injunction to restrain collection of judgment does not lie, notwithstanding it extraneously appears court rendering judgment lacked jurisdiction of person against whom judgment rendered.**

Injunction will not lie to restrain collection of judgment, in absence of some showing of a meritorious defense to cause of action. resulting in the judgment rendered, notwithstanding it appears from allegations in petition, supported by uncontroverted proof, that court rendering judgment never acquired jurisdiction of person against whom judgment was rendered.

On Motion for Rehearing.

2. **Judgment ⬡407(5)—Surety on garnishee's replevy bond held not entitled to restrain collection of judgment against it.**

Where a surety company against which a judgment, regular on its face, was rendered on garnishee's replevy bond, executed pursuant to Rev. St. art. 279, failed to appeal from such judgment, it was not entitled to restrain collection thereof on mere assertion it was void, especially where its petition on its face disclosed it had no meritorious defense.

Appeal from District Court, Wichita County; E. W. Napier, Judge.

Suit by the Southern Surety Company against the Texas Oil Clearing House and others. From an order dissolving temporary injunction, plaintiff appeals. Affirmed.

Bullington, Boone & Humphrey and John B. King, all of Wichita Falls, for appellant.

T. F. Hunter and E. E. Fischer, both of Wichita Falls, for appellees.

DUNKLIN, J.  On February 7, 1920, the Texas Oil Clearing House, an unincorporated joint-stock association, acting by its trustee W. P. Mason, recovered a judgment against another association of the same kind, styled Central Stock Exchange, acting by D. W. Young as its trustee for the sum of $4,265. That case was filed in the Seventy-Eighth judicial district court of Wichita county, and was tried before Hon. W. E. Fitzgerald, acting as special judge, by the consent and agreement of counsel for all parties to the suit.

The case was tried on special issues submitted to the jury, whose verdict was rendered and filed February 7, 1920, but the judgment was not entered until September 10, 1920, which was at a subsequent term of court.  On the date last mentioned, Judge Fitzgerald on motion of plaintiff in the case, and still acting as special judge, ordered the judgment to be entered nunc pro tunc as of date February 7, 1920.  In the same case a writ of garnishment was sued out by the plaintiff and served on the City National Bank of Wichita Falls, commanding it to appear and answer what effects, if any, it had belonging to the defendant in the case, or what sum, if any, it owed defendant.

The garnishee answered, admitting that it owed the defendant in the case $22,000. After that answer was filed, the defendant in the case executed a replevy bond with the Southern Surety Company as surety, payable to the plaintiff in the case, conditioned for the payment of any judgment that might be rendered in plaintiff's favor against the garnishee, all in accordance with the provisions of article 279, Rev. Statutes. After that bond was approved and filed, the garnishee paid over to the defendant the amount it owed, as shown in the garnishee's answer.

On November 14. 1920, a judgment was rendered in plaintiff's favor by Judge Scurry the regular judge of the court, against the Southern Surety Company as surety on the replevy bond for the amount of the judgment which had theretofore been rendered in plaintiff's favor against the defendant by Judge Fitzgerald as special judge.  No appeal was prosecuted from either of those judgments, and plaintiff then sued out a writ of execution against the Southern Surety Company to collect the judgment so rendered against it, and placed the same in the hands of the sheriff for collection.

On February 1, 1921, the Southern Surety Company instituted this suit to enjoin the collection of the judgment rendered against it as above shown. The Texas Oil Clearing House, through W. T. Mason, as trustee, and T. F. Hunter, its attorney of record, and Fred K. Smith, sheriff of Wichita county, were all named as defendants. As a ground for injunction, it was alleged that the judgment rendered by Judge Fitzgerald in the original suit was null and void, because Hon. Edgar Scurry, who was then the legally qualified judge of the Seventy-Eighth district court, was then sitting as such judge and engaged in the performance of the duties of that office; that Hon. W. E. Fitzgerald, who was a practicing attorney at the bar, and who was agreed on by the parties to the suit as the judge to try the same, was not elected and sworn to act as special judge, in accordance with the provisions of the statutes in such cases made and provided.

Neither the defendant in the original suit nor the garnishee bank was made a party to this suit. The judgment in the original suit appears to be regular on its face, and is signed, "W. E. Fitzgerald, Special Judge Seventy-Eighth District Court, Wichita County, Texas." It cannot therefore be said that that judgment was absolutely void. The grounds upon which the attack is made do not appear on the face of the judgment, but

are shown only in the pleading filed in this suit and the evidence introduced in support thereof. Testimony introduced upon the trial showed that the attorney for the Southern Surety Company was notified of the rendition of the judgment against that company at the time it was rendered. And the record in this case fails to show that any proper steps were taken to prosecute an appeal from that judgment against the surety company, nor was there any appeal from the judgment rendered in the main case by Judge Fitzgerald as special judge. Nor has there been any attempt by the surety company to show that it had any valid defense as against the right of the plaintiff in the original suit to take a judgment against it for the amount of the judgment rendered in plaintiff's favor against the defendant in that suit. Indeed, the record in this case shows that the garnishee bank filed an answer to the garnishment writ, admitting an indebtedness by it to the defendant in that case of some $22,000 and that defendant in that case filed a statutory replevy bond with the appellant in this case as the surety thereon, for the purpose of relieving the garnishee from the duty to withhold payment of that indebtedness, and to authorize the garnishee to pay over the same to the original defendant; in other words, not only is there an absence of a showing in the surety company's petition in the present suit of a meritorious defense to the demand which ripened into a judgment against it, but the petition on its face implies the contrary.

In Texas Central Ry. Co. v. Hoffman (Tex. Civ. App.) 193 S. W. 1140, it was held that an attack on a judgment on the ground that it was void, without any attempt to have the case retried on its merits, is a collateral attack.

In Clayton v. Stephenson (Tex. Civ. App.) 254 S. W. 507, in which a writ of error was refused, it was held that a surety on a statutory bond, given to replevy attached property, has the right to appear and present reasons in opposition to the rendition of a judgment against him, and to prosecute an appeal or writ of error, if dissatisfied; and that, in the absence of a showing of good excuse for not seeking that relief in the original case in which the judgment was rendered, he is not entitled to an injunction to restrain the execution of the judgment rendered against him in such a case.

To the same effect is the decision in First National Bank of Burkburnett v. Curtis (Tex. Civ. App.) 244 S. W. 225, in which a writ of error was likewise denied by our Supreme Court, as are also the cases of Republic Supply Co. v. Weaver (Tex. Civ App.) 235 S. W. 684, and Williams v. Watt (Tex. Civ. App.) 171 S. W. 266.

[1] It is also a well-settled rule that an injunction will not lie to restrain the collection of a judgment, in the absence of some showing of a meritorious defense to the cause of action which resulted in the judgment rendered, even though it appears from allegations in the petition for injunction, supported by uncontroverted proof, that the court rendering the judgment never acquired jurisdiction over the defendant against whom the same was rendered. Kimmell v. Edwards (Tex. Civ. App.) 193 S. W. 363, and authorities there cited; also Chambers v. Gallup, 30 Tex. Civ. App. 424, 70 S. W. 1009 (writ of error denied).

For the reasons noted, all assignments of error are overruled and the order of the district court, dissolving the temporary writ of injunction theretofore issued, is affirmed.

BUCK, J., not sitting.

#### On Motion for Rehearing.

DUNKLIN, J. Appellant earnestly insists that we discuss more specifically its seventh proposition, contained in its brief, which reads as follows:

"If the judgment in the original cause No. 1841, Texas Oil Clearing House v. Central Stock Exchange, was valid, it was appealed from on a supersedeas bond, duly executed, approved and filed in said cause, and the plaintiff in said garnishment could not enforce his judgment in said garnishment cause against the surety on the replevin bond filed therein until he had exhausted his remedy against the sureties upon said supersedeas bond, and the court therefore erred in not so holding, and in not permitting plaintiff in this cause to prove the execution, approval, and filing of said supersedeas bond; same being assignment of error No. 6."

In the first place, the record shows no bill of exception to the refusal of the trial court to permit appellant to prove the execution, approval, and filing of the supersedeas bond referred to in the proposition. In the briefs filed, reference is made to the statement of facts, in which appears the testimony of Lester Jones, to the effect that he and Mr. Gardner signed "a supersedeas bond" as sureties for D. W. Young in cause No. 6781, entitled Texas Oil Clearing House, Plaintiff, v. Central Stock Exchange and W. D. Young, Defendants, and that the witness released to Young $4,500 in money and $1,500 in bonds, which the latter had deposited in bank to indemnify Jones and Gardner against loss by reason of having signed the supersedeas bond as sureties, and that said release was induced by the following certificate from the clerk of the district court of Wichita county, Tex.:

"No. 6781. Texas Oil Clearing House, Plaintiff, v. Central Stock Exchange and D. W. Young, Defendants. Messrs. W. W. Gardner and Lester Jones—Gentlemen: I state in the above cause the bond in said cause here above mentioned, on which you were sureties, has been lost, and no appeal was perfected, by rea-

son that no final judgment was rendered. And I here now state to you, in my official capacity as clerk of said court, that I will and do here withdraw my approval of said bond and declare the same canceled, and will destroy the same as soon as found. A. F. Kerr, Clerk of the District Court, Wichita County, Texas."

There is other testimony in the record to the effect that a transcript for appeal from the judgment in the original cause of Texas Oil Clearing House v. Central Stock Exchange was sent to the clerk of this court to be filed, but the clerk refused to file it, for the reason that it showed no final judgment rendered. That was done within 90 days after the cause was tried. The proof further shows that, after the transcript was returned by the clerk of this court, counsel took no further steps to prosecute an appeal or writ of error, and that no transcript was ever filed in this court. The statement of facts contains no copy of supersedeas bond, nor any proof of its terms or the sum for which it was given.

Accordingly, we cannot say that a valid supersedeas or appeal bond was ever filed; and, in the absence of a bill of exception we cannot say that appellant offered to prove the execution of such a bond, and that the court refused to admit such proof.

Furthermore, even if a statutory appeal bond had been filed, as contended, we think it clear that the appeal was thereafter abandoned.

[2] Burrow-Jones-Dyer Shoe Co. v. Gerlach Mercantile Co. (Tex. Civ. App.) 200 S. W. 250, and numerous other decisions, are cited by appellant, holding that no final judgment can be rendered against the garnishee until a valid final judgment has been rendered against the defendant in the original suit. In those cases judgments against the garnishees, rendered in violation of that rule, were reversed; but all of those decisions were upon direct appeal, and not in cases like the present, in which the judgment against the surety on the garnishee's replevy bond is attacked in an independent suit for injunctive relief, on the ground that the judgment complained of was void.

The motion for rehearing is overruled.