## SNOW v. COOK. (No. 7458.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 16, 1925. Rehearing Denied Jan. 13, 1926.)

1. Evidence 43(2)—Court may take cognizance of record in former suit.

In determining sufficiency of general demurrer to petition to set aside judgment in a former suit, the court may take congnizance of record in former suit.

2. Pleading 214(3)—On demurrer to petition to set aside former judgment, allegations therein taken as true if not conflicting with facts in former record.

On demurrer to the petition, in suit to set aside judgment, the allegations therein are to be taken as true so far as not in conflict with facts disclosed in former record, but facts in record are to be taken as true when in conflict with allegations of petition.

3. Divorce 246—Judgment not set aside for fraudulent concealment, where obtained with full knowledge of all facts on which it was entered.

Where plaintiff knew all the facts pertaining to community property at time she instituted divorce action and entered into a settlement of property rights, which was included in interlocutory order, and, with full knowledge of all the facts, obtained final judgment, she cannot have such judgment set aside as obtained by fraudulent concealment of community property.

Appeal from District Court, Hidalgo County; Hood Boone, Judge.

Suit by Dora Snow against I. G. Cook. From an order of dismissal, plaintiff appeals. Affirmed.

Dawson, Henry & Walker, of Mission, and Lee Minner, of McAllen, for appellant.

McDaniel & Bounds and D. W. Glasscock, all of McAllen, for appellee.

SMITH, J. This appeal is from a judgment sustaining a general demurrer and dismissing the cause of action sued on in

the court below. The action was brought to set aside a judgment rendered in a former suit between the same parties in the same court. The original suit was brought by Dora Cook against I. G. Cook for divorce from the bonds of an alleged common-law marriage, for the custody of an 8 year old son, alleged to have been born of the natural union, and for an equal division of an alleged community estate. Pending the final disposition of the suit, the parties settled their property rights by an agreement which was incorporated in an interlocutory decree, which was in turn embraced in the final judgment entered in the cause. In that suit the plaintiff filed an amended petition from which she omitted all allegations of the existence of a child of the marriage and of a community estate, and in the final judgment the court expressly found that no children had been born of the marriage, and that there was no community estate. The final judgment embraced a decree of divorce, however. In her original petition Mrs. Cook alleged that the marriage contract was entered into on an unnamed date in the year 1912, in her amended petition she alleged the date to be January 19, 1917, whereas, in the instant suit the date is fixed upon August 19, 1910.

The original suit was instituted in May, 1923, the compromise settlement of the property rights was made in November, 1923, and the interlocutory decree confirming that settlement was entered on the same day. The amended petition in that suit was filed on April 24, 1924, and the final judgment was rendered on April 29, 1924. In December, 1924, Mrs. Cook, who had assumed her former name of Dora Snow, brought the instant suit to set aside the former judgment in so far as the property rights of the parties were therein adjudicated, and to compel the disclosure and equal division of the alleged community estate. The trial court sustained the general demurrer to the plaintiff's petition, and, upon her refusal to amend, dismissed her suit. She has appealed from the order of dismissal.

[1] The record shows that under an agreement of the parties the trial court took cognizance of the record in the former suit, and considered it in determining the sufficiency of the general demurrer in the instant case. This the court could properly do. Castro v. Whitlock, 15 Tex. 437; Yarbrough v. Etheredge (Tex. Civ. App.) 163 S. W. 998; Allen v. Thompson (Tex. Civ. App.) 156 S. W. 304; Edgar v. McDonald (Tex. Civ. App.) 106 S. W. 1135.

[2] In testing the sufficiency of appellant's petition, the allegations contained therein shall be taken as true in so far as they are not in conflict with the facts disclosed in the record of the original cause, which has been brought up, and of which the trial

---

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

court properly took judicial notice; but the pertinent facts disclosed by that record will be taken as true when in conflict with the allegations in plaintiff's petition. From these sources we will endeavor to state the case made, for the purpose of determining the force of the general demurrer urged thereto by the defendant below.

The case may be summarized in this way:

In May, 1923, appellant instituted suit against appellee for a divorce from an alleged common-law marriage, and for an equal division of the alleged community estate which had been accumulated by their joint endeavors. In her petition in that suit she alleged the community estate consisted of certain real property, which she described in detail, parcel by parcel. Pending disposition of the suit on its merits, however, she and her husband entered into a compromise settlement of all the "property rights" existing between them, which was determined to be of the total value of $5,000, half of which she received in settlement thereof. This agreement was made in open court, and at the instance of the parties was entered in the form of an interlocutory judgment in the pending cause, which judgment embraced the further agreement of the parties and finding of the court that the husband and wife possessed no community estate, and that the property claimed in the plaintiff's petition as belonging to the community, and all other property claimed by appellee, was in fact the separate property of the husband. Subsequently, in the same suit, the wife, who had in the meantime changed attorneys, filed an amended petition, omitting all allegations concerning the previously alleged community estate, but still asserting her cause of action for divorce, and expressly praying that the compromise settlement and interlocutory decree theretofore made and entered be confirmed upon final hearing. The cause was thereupon tried on its merits, the divorce was granted, and the interlocutory decree settling the property rights of the parties was embodied in and confirmed by the final judgment. Thus ended the controversy for the time being.

But, more than five months later, Mrs. Cook filed the instant suit against her divorced husband to set aside the judgment rendered in the former suit, reopen the controversy over the alleged community estate, and divide the estate equally between the parties. She alleged that her husband had had exclusive control and management of the community estate, that she had known nothing of the composition and value thereof, and had had no means of ascertaining the true facts concerning it; that the former judgment and compromise settlement of the property rights were fraudulently obtained by appellant, who had concealed from her attorneys the true facts, and represented to them that the value of the estate did not exceed $5,000, and by this concealment and misrepresentation induced appellant's attorneys to make the settlement; that the value of the community estate as a matter of fact amounted to over $83,000, and consisted, in the main, of the very property described by appellant in her original petition in the former suit as belonging to the community estate, and of which she had in that suit demanded an equal division.

[3] Under the foregoing facts, which we have undertaken to fairly state, it will be readily seen that the case of appellant, as plaintiff below, must fall, for it conclusively appears therefrom that, when she instituted the original suit to assert the existence and require a division of the community estate, she had full knowledge of the identical facts, the alleged concealment of which constitutes the sole foundation of her present suit.

She now claims that the real property consisted of a 10-acre homestead, two or three small tracts of land, and a number of town lots in McAllen, and the personal property consisted of a feed store, horses, mules, cattle, farming implements, and accessories, all situated on the community premises. She claims to have lived with appellee in his home as his wife during the period in which the estate is alleged to have been accumulated, and of course knew of the acquisition of the personal property which they used in operating the home establishment. She certainly knew of the real property at the time of the original suit, for she specifically described each parcel in the original petition which she signed, individually, and had filed for her in that suit. She also claims in the present suit to have advanced over $7,000 out of her separate estate to her husband, who put it into the joint enterprise. She asks for judgment therefor in the present suit. She did not describe this property in the original suit, but, as she alleges that she herself advanced the items prior to the filing of the former suit, and describes each in specific detail, as to source, amount, and date advanced, she, of course, knew these facts at the time of the former suit, and will not now be permitted to set aside the judgment in that suit on the ground that this information was concealed from her in the original controversy.

Having full knowledge of all these facts at the time of the compromise settlement, and the inclusion thereof in the interlocutory order in the former suit, and having herself, with full knowledge of the facts, affirmatively prayed for and obtained final judgment in the former suit adjudicating the very issues she now raises, she will not be heard to assert that the former judgment was fraudulently obtained through concealment of those facts from her. To hold otherwise in such case would have the effect

of opening a way for capricious attacks upon all judgments rendered in suits adjudicating the property rights of divorcees, would jeopardize the integrity of all such judgments, and unsettle property rights now securely at rest under the solemn sanction of the courts of the state.

The case should not be confused with that of Eldridge v. Eldridge (Tex. Civ. App.) 259 S. W. 209, and similar cases cited by appellant. In that case the offending spouse, having peculiar and exclusive knowledge of the condition of an intricate and extensive estate, concealed that condition from an unsuspecting wife, and was thereby enabled to, and did, overreach and deprive her of her due portion; and in such cases courts of equity will reopen the controversy, though reduced to judgment, in order to remedy the wrong. But here the complaining spouse is shown to have been as fully informed in the original action as she claims to be in the corrective action, and the cases cited by appellant have no application.

Although appellant's propositions in the main present correct abstract principles, they are not well taken when tested by the facts shown by the record, and accordingly will be overruled.

The judgment is affirmed.