### SOUTHERN SURETY CO. et al. v. TEXAS OIL CLEARING HOUSE et al.
### (No. 2477.)

(Court of Civil Appeals of Texas. Amarillo. April 21, 1926.)

**Judgment ⬤══273(1)—Entering judgment nunc pro tunc, on bond given to secure release of funds impounded by garnishment, over objection that judgment in main action, regular on its face, was void for disqualification of special judge, held not error.**

Granting motion to have entered nunc pro tunc judgment theretofore rendered against principal and surety on replevy bond to secure release of funds impounded by garnishment, over objection that judgment in the main suit, regular on its face, was void, because the one by whom it was signed as special judge was not qualified, *held* not error.

Appeal from District Court, Wichita County; E. W. Napier, Judge.

Suit by the Texas Oil Clearing House against the Central Stock Exchange and D. W. Young, with garnishment against the City National Bank of Wichita Falls. From a judgment against Young as principal, and the Southern Surety Company as surety, on a replevy bond given to secure release of the funds impounded in the garnishment suit, they appeal. Affirmed.

See, also, 266 S. W. 529; 281 S. W. 1045.

Bullington, Boone, Humphrey & King, of Wichita Falls, for appellants.

T. F. Hunter and E. E. Fischer, both of Wichita Falls, for appellees.

JACKSON, J. On May 15, 1919, the Texas Oil Clearing House, an unincorporated trust association, appellee here, instituted suit in the Seventy-Eighth district court of Wichita county, Tex., against the Central Stock Exchange, an unincorporated trust association, and D. W. Young, individually, as defendants. At the same time an ancillary suit in garnishment was filed by appellee against the City National Bank of Wichita Falls, Texas, as garnishee. The bank answered, admitting that it was indebted to the defendants in the sum of $22,000.

On June 2, 1919, the defendants filed a replevy bond to secure the money and properties belonging to them, impounded by the writ of garnishment in the possession of the City National Bank, conditioned for the payment of any judgment rendered against it, and gave the Southern Surety Company, one of the appellants here, as surety on the bond.

The main case was tried before Hon. W. E. Fitzgerald, acting as special judge by the consent and agreement of the parties, and on special issues submitted to the jury, a verdict was rendered February 7, 1920; no judgment was entered thereon, however, until September 10, 1920, at a subsequent term of the district court, on which date the Honorable W. E. Fitzgerald, still acting as special judge, entered a nunc pro tunc judgment on the verdict for plaintiff against the defendants, in the main case, from which judgment no appeal was prosecuted, and on the same day rendered judgment for the plaintiffs against the City National Bank of Wichita Falls, the garnishee.

On November 18, 1920, on motion of the garnishee bank, the Honorable Edgar Scurry, the duly and regularly elected judge of said Seventy-Eighth district court, entered an order setting aside the nunc pro tunc judgment entered on the 10th of September, 1920, against the bank in the garnishment proceedings, and on the same day rendered judgment against appellants D. W. Young, as principal, and the Southern Surety Company, as surety, on the replevy bond, but said judgment was not entered of record.

On March 14, 1924, the appellee filed its motion in said district court to have the judgment theretofore rendered on November 18, 1920, against appellants entered nunc pro tunc. This motion was contested by the appellants, for the reason that no valid judgment had ever been rendered against the defendants in the main suit, as the Honorable W. E. Fitzgerald was neither the regularly qualified district judge, nor appointed nor elected in any of the modes authorized by law, and no judgment was rendered at the

---

term when the verdict of the jury was returned, that on September 10, 1920, at the time W. E. Fitzgerald entered the nunc pro tunc judgment, the regularly elected judge was present, and no notice was given to the defendants in the main suit of the nunc pro tunc proceedings.

On a hearing in said district court before the Honorable E. W. Napier, the regular judge, appellee's motion was granted, and a judgment entered nunc pro tunc against the appellants; from which action of the court the case is before us for review.

For a more extended statement and additional facts relative to the history and procedure involved in this suit, see Southern Surety Co. v. Texas Oil Clearing House et al. 266 S. W. 529, and the same case by the Commission of Appeals (281 S. W. 1045), not yet officially reported.

Appellants' assignments of error, to the effect that the judgment nunc pro tunc entered in the main case was invalid, because no notice thereof had been given, was determined against them by the trial court, and the record is sufficient to support his action on this issue.

Appellants, by several assignments of error, all of which may be combined and considered together, assail the action of the trial court in entering judgment in the garnishment proceeding nunc pro tunc against them, for the reason that the judgment entered in the main suit was invalid and void, because Hon. W. E. Fitzgerald was not legally qualified, which is decided against them in the case of Southern Surety Co. v. Texas Oil Clearing House et al., 266 S. W. 529, and the same case by the Commission of Appeals (281 S. W. 1045), not yet officially reported.

Appellants did not present in the trial court, and do not urge before this court, any meritorious defense to appellee's demand.

On the authorities above cited, the judgment is affirmed.