## TEXAS & N. O. R. CO. v. DAVIS.
### No. 2279.

Court of Civil Appeals of Texas. Beaumont.

Nov. 10, 1932.

Lamar Cecil, of Beaumont, and Stevens & Stevens, of Houston, for appellant.

H. A. Maynard, of Liberty, and E. E. Davis, of Beaumont, for appellee.

WALKER, C. J.

This case originated in the justice court of Liberty county, and is before us on a second appeal from the judgment of the county court of that county awarding appellee judgment for $50 as the value of two cows killed by appellant. On the former appeal, T. & N. O. Railway Co. v. Davis, 26 S.W.(2d) 1106, to which we refer for a full statement of the nature of this suit, the issue was the ownership of these cattle, and, though that issue in the lower court was found in favor of appellee, we reversed the judgment and remanded the cause for a new trial on the ground that the verdict was without support in the evidence. The same proposition is presented on this appeal, but a careful review of the statement of facts convinces us that appellee has sustained his claim of ownership.

Under article 2065, the lower court erred in adjudging the costs of the county court against appellant. In justice court, appellee recovered judgment for $150 as the value of his cattle, but in county court his judgment was reduced to $50. Under the provisions of article 2065, R. C. S. 1925, appellant was entitled to recover the costs of the county court, except upon a showing of good cause for taxing it otherwise, under provisions of article 2066. The record in this case fails to disclose "good cause." T. & N. O. R. R. Co. v. Davidson (Tex. Civ. App.) 24 S.W. (2d) 75; Hall v. Ellwood (Tex. Civ. App.) 34 S.W.(2d) 892.

Appellee was awarded interest on the value of his cattle, as fixed by the jury, at the rate of 6 per cent. per annum from the 22d day of August, 1928, the date his cattle were killed. The cattle were killed at a point where appellant's right of way was fenced, under the provisions of article 6402, R. C. S. 1925. Under the construction given by our courts to this article of the statute, appellee was entitled to interest only from the date of his judgment. I. & G. N. Railway Co. v. Barton, 93 Tex. 63, 53 S. W. 1117; St. Louis Southwestern Ry. Co. of Texas v. Chambliss, 93 Tex. 62, 53 S. W. 343; Fort Worth & R. G. R. R. Co. v. Chisholm (Tex. Civ. App.) 146 S. W. 988; St. Louis & Southwestern Ry. Co. of Texas v. Post (Tex. Civ. App.) 220 S. W. 129.

Appellee's cross-assignment against the verdict of the jury fixing the value of his cattle at $50 is overruled. The evidence would have sustained a judgment for a much larger sum, but the issue was submitted to the jury, and its finding should not be disturbed.

Reformed and affirmed.