### GRIFFITH v. TIPPS.
### No. 11679.

Court of Civil Appeals of Texas. Dallas.
March 10, 1934.

Rehearing Withdrawn April 4, 1934.

Parker V. Lucas, of Dallas, for appellant.

Leonard R. Winborn and Currie McCutcheon, both of Dallas, for appellee.

LOONEY, Justice.

On original submission we reversed the judgment below, on the idea that, after indulging reasonable intendments, the petition alleged a cause of action justifying a review of the original case; hence that the court

below erred in dismissing the bill on general demurrer. In arriving at this decision, we had nothing before us except the bill of review, but now have the entire record of the original case, brought up on certiorari by appellee, pending action on his motion for rehearing. After a careful reconsideration, for reasons which will be stated, the conclusion is reached that we erred in not affirming the judgment of the court below.

As grounds for review, appellant alleged facts showing the origin of a note for $1,800 held by appellee against her, secured by lien on real estate in the city of Dallas, alleged certain defenses, credits, and offsets, reducing the amount due on the note to $639.50 and interest, which she expressed a willingness to pay, but that appellee, refusing to allow these credits and offsets, advertised her real estate for sale under the trust deed, whereupon appellant sought and obtained an injunction restraining such sale, to which action appellee answered and moved to dissolve the injunction; that the case was tried before the court, without a jury, and at its conclusion the attorneys and the trial judge had a discussion at the judge's desk, out of hearing of appellant, and after the conference she was informed by her attorney that she had won and need not worry any more about the suit, but that, as a matter of fact, the trial court made no decision at the time, but three days later rendered judgment against appellant for $1,182.52, with foreclosure on the real estate; that she had no knowledge of the existence of the judgment until her property was advertised for sale, thereupon she instituted these proceedings, seeking cancellation of the judgment and the establishment of her said defenses, credits, and offsets.

In view of appellant's admission that she was indebted to appellee in the sum of $639.50 and interest, we do not think she could have understood from anything her attorney said that she had won the lawsuit outright and need not worry, for she must have known that judgment was rendered for, at least, the amount admitted to be due.

However that may be, the decisive question is this: Does appellant show that the judgment as actually rendered resulted either from accident, mistake, or fraud? For unless it appears that the judgment is unsupported by pleadings, she failed in this respect. On this point we held, on original submission, that while the allegations of the bill were somewhat confused and indefinite, yet

by clothing them with favorable intendments they stated, in effect, that the judgment was not supported by pleadings, thus bringing the case, as we thought, under the general doctrine announced by Judge Talbot, in Kruegel v. Cobb, 58 Tex. Civ. App. 449, 124 S. W. 723, 726, who said: "If, in such a case, it appears that the judgment was obtained by fraud, accident, or mistake, without any want of diligence on the part of the person against whom it was rendered, or by either of such means the complaining party, without his fault or neglect, was denied a meritorious defense, our district courts, in the exercise of their equitable powers, may reopen the case, and by a re-examination of it on its merits grant such relief as equity and justice may demand. Overton v. Blum, 50 Tex. 417; McMurray v. McMurray, 67 Tex. 665, 4 S. W. 357. * * *"

However, the petition in the instant case does not purport to set out the proceedings in the original cause, nor is the petition accompanied by the pleadings and judgment in said cause. Under the authorities, we think it was incumbent upon appellant to fully plead, or in proper manner to exhibit, the proceedings had in the original cause; otherwise, nothing was presented to the trial court except bare allegations in the nature of conclusions. The remissness of appellant in this respect, we think, justified the court in dismissing the bill on general demurrer. This doctrine was announced by our Supreme Court, in the early case of Randon v. Cartwright, 3 Tex. 267, 269, in language by Judge Wheeler, as follows: "The petition in the case before us does not recite the former bill or petition, and the proceedings thereon. It does not even purport to contain a statement of the entire proceedings in the original cause, which, according to the authorities cited, constitute properly the record in that cause. * * * They do not accompany the transcript, and it no where appears that they were even before the District Court, when that court sustained the demurrer to the petition. But if these 'papers and proceedings' were before the District Court, they are not brought before this court, and hence it does not appear that they presented a case proper for the relief sought upon the petition of the complainant. To have authorized a reversal of the judgment, it was incumbent on the appellant to have so brought up the record, as to show that the entire proceedings in the case sought to be reviewed, were before the court below upon his petition; and that they presented a case proper for

relief by a bill of review. This, the appellant has not done. And since it does not appear from the record before us, that the case was properly presented to the District Court by the petition of the complainant; or, if properly before the court, that the proceedings in that case presented a case proper for a review, it is manifest that we cannot undertake to determine that the court erred in sustaining the demurrer." In Republic Supply Co. v. Weaver (Tex. Civ. App.) 235 S. W. 684, 685 (a review case), Judge Dunklin for the Fort Worth Court said: "In the absence of such copies (of proceedings in the original case), nothing was presented to the trial judge but the bare conclusions' of the pleader. * * *" In Johnson v. Templeton, 60 Tex. 238, the Supreme Court said that the pleadings and issues of the original suit and its result must be set forth distinctly and clearly to enable the court to determine with reasonable certainty the issue in controversy. The doctrine, varying somewhat in different jurisdictions, but on principle the same everywhere, is announced in 21 C. J. 741, § 897, as follows: "The bill must set out the pleadings in the former suit, and the proceedings had thereon, including the decree, and the facts on which the decree is based, but not the evidence in the original cause. These requirements are obviously necessary in a bill of review for error apparent, as the record now takes the place of the recitals of the decree under the ancient English chancery practice. Most of the cases announcing the rule involve bills based on error apparent, but the rule is generally laid down in terms sufficiently general to apply also to a bill based on new matter, and the necessity of setting out the original record has been expressly recognized as applying to a bill for new matter. Similarly, the reason for the rule that it is not necessary to set out the evidence in the original suit is obvious so far as applied to a bill for error apparent, as the evidence is not considered on such a bill. But the rule is generally declared in terms sufficiently broad to include a bill based on newly discovered evidence. The practice is not uniform as to the extent to which the record of the former suit must be set out, the rule being variously declared to be that such record must be set out in full, or that it must be substantially recited, or that the bill must set forth so much of the record as will fully exhibit the error complained of. Transcripts of the record cannot take the place of allegations, although the practice of accompanying the bill with certi-

fied copies of the whole record is sometimes favored, or even required. A fortiori, a mere reference to the former record is insufficient."

In the light of these authorities, we are of opinion that the court below did not err in dismissing the bill on general demurrer.

But we think there existed an additional good and sufficient reason justifying the action of the court, which will now be discussed. Under well-established general rules, a court is authorized to take judicial knowledge of the record and prior proceedings in the same suit (17 Tex. Jur. 201, § 27); of the record of a previous suit between the same parties (Id., § 28); also the record of proceedings in any ancillary suit (Id., § 29). Our appellate courts have lengthened the rule of judicial knowledge to permit cognizance of the record of other appealed cases involving the same subject-matter between same parties, and even in circumstances where the parties were not altogether identical. See Allen v. Thomson (Tex. Civ. App.) 156 S. W. 304; Edgar v. McDonald (Tex. Civ. App.) 106 S. W. 1135; Hake v. Dilworth (Tex. Civ. App.) 54 S.W.(2d) 583; Bickle v. City of Panhandle (Tex. Civ. App.) 43 S.W.(2d) 640. But the pertinent question here is: Does the rule extend to a review proceeding, so as to permit judicial cognizance of the record of the original cause? A review proceedings, in a sense is an original action, in that, it lies only after judgment and the end of the term, and requires process to enforce appearance of parties in same manner as in an original action; but, in another sense, is a dependent proceeding, in that, it seeks a new trial of the original cause; so, it seems that a review proceeding can be classed neither as wholly original nor as wholly dependent, but partakes of the nature of both, 21 C. J. pp. 723, 724, § 886. However, we do not think the authority or propriety of courts taking judicial knowledge of the record of an original case brought under review is an open question, and certainly there could be no better evidence of the issues litigated, or the sufficiency of pleadings to sustain the judgment sought to be reviewed, than the pleadings themselves. In Hobbs v. Boyd (Tex. Civ. App.) 292 S. W. 947, 949 (a review case), Judge Fly, for the San Antonio Court, said: "This cause was tried in the same court in which the disabilities (of minority) were removed, and we doubt not that the judge had the authority to take cognizance of the records of his own court." To the same effect, see Republic Supply Co. v. Weaver (Tex. Civ. App.) 235 S. W. 684, by the Forth Worth Court.

The same rule obtains in federal courts. In Shelton v. Van Kleeck, 106 U. S. 535, 1 S. Ct. 491, 27 L. Ed. 270, Chief Justice Waite said: "The only questions open for examination on a bill of review for error of law appearing on the face of the record are such as arise on the pleadings, proceedings, and decree, without reference to the evidence in the cause. This has been many times decided in this court." Similarly, in Quinton v. Neville (C. C. A.) 152 F. 879, 882, Circuit Judge Adams said: "The function of a bill of review is to obtain a reversal of a decree by the court which rendered it either for error of law apparent on the record or to secure a rehearing of the facts, on a showing of newly discovered evidence. 2 Daniell's Ch. Pl. & Pr. (5th Ed.) p. 1576. When the bill is for the purpose first mentioned, consideration can be given to the record of the original cause only * * *."

So, considering the record of the original case, as we must assume the trial court did, it is revealed that all credits, offsets, and defenses to appellee's debt, urged in the bill, were also pleaded by appellant in the original cause, and were there litigated, resulting in the judgment sought to be reviewed, and we must indulge the presumption that the evidence adduced at the trial sustained the judgment.

So, it appearing that appellant's allegation, to the effect that the judgment sought to be reviewed was not warranted by pleading, is contradicted by and inconsistent with the record of the original case, hence was not admitted as true by the demurrer, but will be considered merely as the conclusion of the pleader. In Snow v. Cook (Tex. Civ. App.) 278 S. W. 520 (a review case) the San Antonio Court, through Judge Smith, used the following pertinent language: "In testing the sufficiency of appellant's petition, the allegations contained therein shall be taken as true in so far as they are not in conflict with the facts disclosed in the record of the original cause, which has been brought up, and of which the trial court properly took judicial notice; but the pertinent facts disclosed by that record will be taken as true when in conflict with the allegations in plaintiff's petition. From these sources we will endeavor to state the case made, for the purpose of determining the force of the general demurrer urged thereto by the defendant below." In Shelton v. Van Kleeck, supra, Chief Justice Waite announced the same rule, as follows: "A demurrer admits only such facts as are properly pleaded. As questions of fact are not open for re-examination on a bill of re-

view for errors in law, the truth of any fact averred in a bill of review inconsistent with the decree is not admitted by a demurrer, because no error can be assigned on such a fact, and it is, therefore, not properly pleaded * * *." Also in Quinton v. Neville, supra, Circuit Judge Adams said: "* * * and any facts averred in the bill of review inconsistent with the pleadings and decree in the main case can have no effect in determining its correctness."

We think the following rules may be deduced from the authorities: That in order for a bill of review to be good against a general demurrer, it should recite distinctly and clearly the pleadings, issues, and result of the original suit, so as to enable the court to determine with reasonable certainty the issues involved in the controversy; that in such proceeding the court is authorized to take judicial knowledge of the record of the original cause; and that any fact averred in the bill, inconsistent with or contradictory of the pleadings or judgment in the main case, will be given no effect in determining the legal sufficiency of the bill.

In harmony with the views above expressed, appellee's motion for rehearing is sustained, our former decision set aside, the original opinion withdrawn, and judgment is now rendered for appellee affirming the judgment of the court below.

Affirmed.