**DAVIS v. DONALSON.**

No. 12123.

Court of Civil Appeals of Texas. Dallas.
Feb. 1, 1936.

Rehearing Denied Feb. 29, 1936.

W. H. Reid and G. Q. Youngblood, both of Dallas, for appellant.

J. C. Muse, of Dallas, for appellee.

BOND, Justice.

This suit was instituted by appellant, Maud M. Davis, a feme sole, and others, in a district court of Dallas county, Tex., in the nature of a bill of review, to have all papers, orders, and proceedings in cause No. 100153—A in said court reviewed and the judgment rendered therein set aside. All the issues as to the plaintiffs were disposed of in the lower court, and no appeal taken except by the appellant herein, Maud M. Davis. The court below sustained the defendant's general demurrer to the plaintiff's pleadings, and, the defendant declining to amend, the suit was dismissed.

The appellant alleged ownership of, and a homestead interest in, a portion of the land involved in cause No. 100153—A, detailing the deraignment of title from her deceased father and mother prior to the execution of the notes and liens involved in the suit; that the appellee, W. P. Donalson, as plaintiff in said cause, recovered·judgment on two promissory notes executed and delivered to him by the appellant and others; and was also decreed a foreclosure of a deed of trust executed and delivered by the makers of the notes on the whole of the property in controversy. The appellant sets out in detail the origin of the notes and lien sued on as being renewals and extensions of an indebtedness and lien contracted by her mother, Mrs. Martha Ann Davis, a widow, and her children, one of whom is the appellant. The petition shows that the original indebtedness was evidenced by notes payable to one Miss Webster, and, in due course, assigned to the appellee, Donalson. The notes, appellant alleges, having been executed by the mother and children, they "became co-makers and co-obligors therein," and that they executed the deeds of trust on the land described therein to secure the indebtedness.

As ground for review, among other things, the appellant alleges that she was induced by the appellee, Donalson, to sign and execute the notes and deed of trust to Miss Webster, and, in like manner, the renewals and extension notes and deeds to. the appellee, Donalson, by the fraudulent misrepresentations of Donalson; that the liens created by the deeds of trust did not include a lien on the portion of the land which she owned and claimed as her homestead; that her interest in the land was not involved in the deeds; and that the purpose of the deeds was merely to secure the notes by the land owned by the other makers of the notes and deeds of trust.

The record shows that appellant was served with citation in the original suit, and she alleges that, while she was duly served with citation, the appellee, Donalson, in whom she reposed the utmost confidence and trust, assured her that the suit was merely to foreclose on lands not involving her homestead and owned by the other defendants; that he would look after her interest in the litigation; that her rights would not be effected by the suit; and that it was unnecessary for her to employ attorneys to protect her interest or make her appearance in defense of the suit. She contends that she relied on such representations and promises of the appellee, and that, as a result, did not appear for trial, did not employ the attorneys who filed answer therein, and, in fact, the attorneys did not represent her in said cause. Thus she suffered the judgment to be entered, without fault or neglect on her part.

The record further reveals that the answer filed by the attorneys in the original suit, purporting to be for the defendants therein, and of which the appellant here complains that it was not filed with her knowledge or consent, reflects substantially, if not literally, all the grounds of defense here urged in appellant's petition for review.

Furthermore, the judgment sought to be vacated reflects the findings of the court to the effect that Donalson became the transferee owner of the Webster notes and lien, and that thereafter such indebtedness and lien were from time to time renewed and extended, and that the renewals and extensions were made to the appellee, Donalson.

There is no allegation, either in the petition for review or in the answer of the attorneys filed in the original cause, that Donalson was the agent for Miss Webster or that he was authorized by her to make the alleged inducing statements touching such notes and lien, when she was the notes' payee and beneficiary in the deeds of trust.

■ In Hunter v. Lanius, 82 Tex. 677, 18 S.W. 201, 205, the Supreme Court said: "Where one executes an obligation in renewal of a note claimed by the holder to be valid, but known to the maker to be fraudulent or without consideration, the latter will be deemed to have freed the transaction of the fraud, and to have waived the want of consideration, and will not be permitted to plead it." So, assuming that the basic ground for equitable review is the fraud and misrepresentations of the appellee which induced the execution of the Webster notes and lien, knowledge by the makers of the inducing facts forces the conclusion that the appellant is precluded to plead or prove such grounds, as against the renewals and extensions. She evidently freed the transaction of the alleged fraud, of which she now complains.

The record further reveals that the appellant, in the district court of Dallas county, Tex., and after the rendition of the judgment in cause No. 100153—A, filed another suit in trespass to try title which involved the same subject-matter and parties as in the cause here sought to be reviewed. The suit took the style of "Maud M. Davis v. W. P. Donalson," No. 12017—A. In that suit the ground for relief from the judgment in cause No. 100153—A was that the same was secured by "fraud, accident or mistake." The appellant, as plaintiff in that suit, by a sworn petition, averred "that she, Maud M. Davis, was denied a jury trial of cause No. 100153—A through fraud, accident or mistake, in that 'on or about October 15th., 1932 she requested her attorney to apply for a jury to try the issue of fact pleaded on plaintiff's (i. e. Maud M. Davis) behalf in said cause of action, a copy of this plaintiff's answer being attached hereto and made a part hereof and fully plead.'" Thus we see that appellant in the instant case, averred, in effect, that Donalson promised to protect her interest in cause No. 100153—A, whereby she was not represented by attorneys in the suit, and that the attorneys did not in fact represent her in the filing of the answer therein; whereas, in the related cause, No. 12017—A, she there alleged that the attorneys did represent her in filing the answer in her behalf, complaining only that her attorneys waived the trial by jury.

■ Under the rule announced in Snow v. Cook (Tex.Civ.App.) 278 S.W. 520, and in Griffith v. Tipps (Tex.Civ.App.) 69 S.W. (2d) 846, trial courts are authorized in suits of this nature to take judicial knowledge of the original cause and the record and prior proceedings in the same suit; also knowledge of the record of a previous suit between the parties and the record of proceedings in any ancillary suit; also is authorized to take judicial knowledge of the record of other causes in the same court involving the same subject-matter by the same parties. So, it affirmatively appearing that appellant's allegations, to the effect that she was not represented by attorneys and that she was prevented from making her appearance in the original suit, due to the fraud and misrepresentations of the appellee, find, we think, no support in the record, but, on the contrary, such allegations are contradicted by, and inconsistent, with the sworn pleadings in the subsequent suit involving the same subject-matter and parties, therefore the grounds alleged for review are res judicata to the contrary, as shown by the records of a then pending suit, of which the trial court was authorized to take judicial cognizance. Such baseless allegations are not admitted as true by the demurrer.

■ It is generally held, in suits of this nature, allegations are taken as true only so far as they are not in conflict with the facts disclosed in records to which the trial courts may refer and of which the courts are authorized to take judicial notice. Snow v. Cook, supra. The records take the place of the recitals in the petition; and, if the petition is in conflict with the records, the review is not warranted by the pleadings, but will be considered merely as the conclusion of the pleader, and subject to a general demurrer. In Shelton v. Van Kleeck, 106 U. S. 532, 535, 1 S.Ct. 491, 492, 27 L.Ed. 269, the rule is tersely announced: "A demur-

rer admits only such facts as are properly pleaded. As questions of fact are not open for re-examination on a bill 'of review for errors in law, the truth of any fact averred in a bill of review inconsistent with the decree is not admitted by a demurrer, because no error can be assigned on such a fact, and it is, therefore, not properly pleaded."

In harmony with the views herein expressed, the facts averred in appellant's petition, being inconsistent and contradictory of the pleadings and judgment in causes of which the trial court was authorized to take judicial cognizance, and which, we must indulge the presumption that the trial court. in passing on the demurrer, reviewed the records in rendering the judgment, will be given no effect in determining the legal sufficiency of the petition, which otherwise would be sufficient as against a general demurrer.

We have carefully considered. all the grounds assigned for the review, and, in the light of the authorities and the views we take on the major complaint herein expressed, makes it unnecessary to detail the other grounds which bear a similar baseless consistency. They are overruled. Accordingly, the judgment of the court below is affirmed.

Affirmed.