DAVID RANDON VS. JESSE H. CARTWRIGHT — Appeal from Fort Bend County.

A bill of review must recite the former bill, and the proceedings which have been had upon it.

To authorize the appellate court to revise a judgment or decree rendered upon a bill of review, the record must contain the entire proceedings in the case sought to be reviewed, and must show that they were before the court below upon the petition, and that they presented a case proper for relief by a bill of review.

Is a bill of review a proceeding known to our remedial system? *Quere.*

On the 26th day of March, 1845, the appellant filed his bill

or petition in the district court, praying that a decree of said court, previously rendered against him in favor of the appellee, might be reviewed and reversed, etc. To this petition for a review, the defendant filed a general demurrer, which was sustained by the court, and the petitioner appealed to this court.

The other material facts appear in the opinion of the court.

R. C. CAMPBELL for appellant.

HERNDON and PERLEY for appellee.

Mr. Justice WHEELER delivered the opinion of the court, Justice LIPSCOMB not sitting.

We are of opinion that the judgment in this case be affirmed, for the following reasons:

If it be conceded, as insisted in the very elaborate and able argument on behalf of the appellant, that a bill of review is a proceeding known to our remedial system (which, however, it is not necessary now to determine), it does not appear from the record before us that the court erred in sustaining the demurrer to the petition in this case.

A bill of review must recite the former bill, and the proceedings which have been had upon it. [Barton's Eq. 217; Lube's Eq. Pl. 230.] "In a bill of review it is necessary to state the former bill, and the proceedings thereon; the decree and the point in which the party exhibiting the bill of review conceives himself aggrieved by it: for it is laid down that no objection but what has been assigned for error in the bill of review shall be allowed to be made." [Cooper's Eq. Pl. 95; Mitford's Pl. 70 (from 3d Lond. edit.); Story's Eq. Pl. sec. 420.] "In England, the decree always recites the substance of the bill and answer, and pleadings, and also the facts on which the court founds its decree. But in America the decree does not, ordinarily, recite either the bill or answer, or pleadings; and generally not the facts on which the decree is founded. But with us the bill, answer, and other pleadings, together with the decree, constitute what is properly considered as the record." [Whiting vs. The Bank of the United States, 13 Peters' R. 6, 13, 14.]

"For the purpose of examining all errors of law," says Story,

"the bill, answer, and other proceedings are, in our practice, as much a part of the record before the court as the decree itself; for it is only by a comparison with the former that the correctness of the latter can be ascertained." [Story's Eq. Pl. sec. 407.]

And again, in regard to errors of law: "Taking the facts to be as they are stated on the face of the decree, you must show that the court have erred in point of law. If, therefore, the decree do not contain a statement of the material facts on which the decree proceeds, it is plain that there can be no relief by bill of review, but only by an appeal to some superior tribunal." [Id.]

The petition in the case before us does not recite the former bill or petition, and the proceedings thereon. It does not even purport to contain a statement of the entire proceedings in the original cause, which, according to the authorities cited, constitute properly the record in that cause. "For the better information of the court," reference is made to the "*papers and proceedings*" in that cause. But they are not set out. They do not accompany the transcript, and it nowhere appears that they were even before the district court when that court sustained the demurrer to the petition. But if these "papers and proceedings" were before the district court, they are not brought before this court, and hence it does not appear that they presented a case proper for the relief sought upon the petition of the complainant.

To have authorized a reversal of the judgment, it was incumbent on the appellant to have so brought up the record as to show that the entire proceedings in the case sought to be reviewed were before the court below upon his petition; and that they presented a case proper for relief by a bill of review. This the appellant has not done. And since it does not appear from the record before us that the case was properly presented to the district court by the petition of the complainant; or, if properly before the court, that the proceedings in that case presented a case proper for a review, it is manifest that we cannot undertake to determine that the court erred in sustaining the demurrer. The judgment is therefore affirmed.