**PRIDGEN et al. v. FURNISH et al.**
(No. 8043.)

Court of Civil Appeals of Texas. San Antonio.
Oct. 17, 1928.

Rehearing Granted Nov. 14, 1928. Overruled Dec. 19, 1928.

Newton & Woods, Hull & Oliver, and Briscoe & Morris, all of San Antonio, for appellants.

Joe L. Hill, Church, Lawley & Graves, Cunningham, Moursund & Johnson, W. M. Groce, J. B. Lewright, and Chas. F. Guenther, Jr., all of San Antonio, for appellees.

COBBS, J. Appellants' statement on this appeal is:

"This suit was brought by D. K. Furnish October 8, 1924, against Mary A. Pridgen, Oscar F. Pridgen, Adolph Wagner, E. P. Butler and Mrs. E. P. Butler, in which plaintiff alleged that Mary A. Pridgen and Oscar F. Pridgen executed a certain note for the sum of $36,294.51 with six per cent. interest, due in semi-annual installments of $1,200.00 each, the first due in six months until two years after date, when payments were increased to $1,800.00 each six months, conditioned that all of the principal shall become due in ten years, and providing that the interest shall be deducted from such semi-annual payments and the balance applied to principal, and providing that the makers have the privilege of paying more than the said sums required at any date; said note given for what is known as Lot No. 6 and a strip adjacent thereto, in New City Block 139, in the City of San Antonio, known as the 'Butler Hotel,' to Adolph Wagner for the above property, and by said Adolph Wagner assigned to plaintiff without recourse.

"Defendants Pridgen and Butler answered by general demurrer, general denial and pleaded specially and set up that the property was conveyed to the defendants Mary A. and Oscar F. Pridgen to be by them held in trust for the purpose of making a sale of the property through the agency of their daughter Mrs. Butler, and that it was held in trust by the defendants Pridgens, and that the note was an accommodation paper executed by the said Pridgens to enable the said Wagner, the real owner, to more easily sell said property, and that defendants Pridgens had executed a deed to the said Adolph Wagner to their property on Broadway as security, and that the said Wagner was holding the said Broadway property in trust for them for a special time and for certain purposes. Said defendants pleaded over against the defendant Wagner and prayed that the court declare the said deed to be a mortgage and that the property was held in trust by the said Wagner and to adjudge the equities between the Pridgens and their co-defendant Wagner and cancel the deed to said Broadway property and declare it to be a mortgage. To this answer the defendant Adolph Wagner filed general and special exceptions which were overruled."

Defendant Wagner filed a motion for an instructed verdict, which was sustained by the court, and thereupon a judgment was rendered on the note in favor of D. K. Furnish for principal, interest, and attorney's fees, and also in favor of the defendant Adolph Wagner against the defendants Pridgens and Butlers on their plea setting up equitable relief for adjustment of the equities and refusing to set aside the deed from Pridgens to Wagner or to declare the same a mortgage. From this judgment the defendants Pridgens and Butlers have appealed.

Since there are no errors assigned nor objections made to the judgment in favor of D. K. Furnish, the judgment in that particular must be affirmed, but as to the controversy between Wagner on the one hand, and the Pridgens and Butlers on the other, a careful review of the record shows that it involved issues of disputed fact such as should have gone to the jury. We refrain from any discussion of the facts, but must adhere to the well-established rule that in such a case it is error for the court to take the case from a jury, thus depriving the parties of the right to a jury trial.

It was fundamental error, and for that reason the judgment of the trial court is reversed, and the cause remanded for another trial, but as to Furnish is affirmed.

### On Motion for Rehearing.

█ There is no issue of conditional delivery in this case as pleaded; besides, there is no evidence tending to support it. A conditional delivery cannot be shown or relied upon to defeat a deed or deed of trust delivered to the grantee. Holt v. Gordon, 107 Tex. 137, 174 S. W. 1097.

█ The papers including the note indicate a bona fide exchange of property. The Broadway property was conveyed to appellees by the Pridgens at an agreed value of $30,000. There was a lien against lot 9, which Wagner assumed in the trade and promised to pay off. There was a note secured by a deed of trust which Wagner assumed and promised to pay. The remainder of the $30,000, after prorating taxes, was credited against the agreed price of $60,000 on the Portland Hotel property conveyed by Wagner to Mrs. Pridgen. This left the sum of $36,296.34 to be paid by Pridgen to Wagner, for which sum a vendor's lien note was given, in accordance with and subject to all the terms of the deed of trust therefor. Mrs. Pridgen agreed to pay the taxes, and Wagner bound himself to pay a paving lien, and to further secure Wagner a deed of trust was executed on the Portland Hotel property by Pridgen, which contained the usual provisions. A chattel mortgage was also executed on the furniture and furnishings in the hotel.

The statement of facts also contains a prepared statement showing amount of note prepared at the time, and as to how the note was arrived at; also disclosing the prorating of insurance, taxes, and interest, the price of the hotel, and the price of the Broadway property. Two written contracts had preceded the consummation of the deal, neither of which is in evidence; but the evidence does disclose which of the terms of the first were changed by the second, namely, the provision that Wagner was to be paid $1,800 semiannually, was changed to $1,200, and he became obligated as to the paving claim.

Mrs. Butler for Mrs. Pridgen paid $1,200

semiannually on the Pridgen note, as provided therein; payments being made, respectively, on April 3, 1925, October 9, 1925, April 5, 1926. In each instance interest was credited and the balance applied on the principal. The Pridgens kept the rents for the Portland Hotel property and Wagner the rents for the Broadway property. Mrs. Butler testified the rents from the Broadway property were Wagner's rents and he was to keep them as his own. Mrs. Butler rendered the Portland Hotel property for taxes for the years 1925 and 1926, swearing in said rendition that Mrs. Pridgen owned the same. Mrs. Butler on April 15, 1927, made application to G. A. Gage to secure a loan on the Portland Hotel property. On September 5, 1925, she and her husband executed a contract for the erection of an 11-story apartment house hotel on the property. She testified that Wagner had nothing to do with that contract; that he was not consulted about it.

The facts established by the testimony show the elements of a bona fide trade and transaction, which appellant attempts to vary and change by parol testimony. The appellants seek to transform by parol the deed to the Broadway property into a security to appellees against any failure on the part of Mrs. Butler and the Pridgens to comply with their alleged agreement to sell the Portland Hotel property, making that conveyance a trust arrangement.

In other words, the effect of this whole transaction was to contradict and destroy contractual considerations for the deed, and to destroy the note so far as it purported to be any obligation from the Pridgens to Wagner.

Their claim seems to be based upon the unusual and incredible theory that the sale of the note would constitute the sale of the Portland Hotel property, notwithstanding, as alleged, that upon sale it was to be indorsed by Wagner with full recourse and he was to protect Pridgens against liability thereon, and that he would be the only one liable against the same, the contention of appellees being the execution of all the instruments was to put Mrs. Butler in a position to sell the hotel property as the agent of Wagner, and that Wagner demanded security for his protection with reference to the sale thereof, and had her mother to convey to Wagner the Broadway property for that purpose and took the title to the Portland Hotel property in her mother's name so as to better handle the sale thereof. She also claimed she was to have the sole and exclusive right to sell the note and to receive 5 per cent. commission thereon. When the sale of the note was made, the hotel property would be conveyed back to Wagner and the Broadway property back to Mrs. Pridgen.

All the testimony shows an attempt by oral testimony to contradict mutual written terms of contractual provisions in written instruments, which it not permitted.

No case is cited which sustains a conclusion of law that deeds and other instruments, such as are involved in this case, can be transformed by parol evidence into mortgage or trusts. We doubt very much that any can be shown to that effect.

■ It is too well settled to cite authorities, that a mere recital of consideration is not conclusive; yet it is equally as well settled that that rule does not apply when the consideration is contractual in its nature. Matheson v. C–B Live Stock Co. et al (Tex. Civ. App.) 176 S. W. 734. There seems to be some carelessness of expression in the general run of cases, in regard to the principle that all written instruments are not immune from contradiction by parol testimony, but never where contractual, as in the case under discussion, that a contractual provision may be wiped out by parol testimony. Pickett v. Green, 120 Ind. 584, 22 N. E. 737. The court there said: "And where there is either a direct and positive promise to pay the consideration named, or an assumption of an incumbrance on the part of a grantee in a deed which becomes binding upon its acceptance, the ordinary rules with reference to contracts apply, and the consideration expressed can no more be varied by parol than any other portion of the written contract." Mann v. Wright (Tex. Civ. App.) 269 S. W. 222; Sullivan & Co. v. Schreiner (Tex. Civ. App.) 222 S. W. 314; Mead v. Randolph, 8 Tex. 191; Kahn v. Kahn, 94 Tex. 114, 58 S. W. 825.

It is not contended in this case that there was fraud, accident, or mistake in the making, passing, or delivery of any of the instruments in question.

■ These instruments cannot be wiped out by any mere verbal testimony, or given a different construction or meaning, than shown on their face, whether to create a mortgage or a trust. Hopkins v. City of Dallas (Tex. Civ. App.) 297 S. W. 347; Johnson v. Johnson (Tex. Civ. App.) 147 S. W. 1167.

We cannot give our approval to the contention of appellants. We have now made a more careful examination of the facts in this case, as well as to the law applicable, and find that the same support the ruling of the court. We therefore set aside our judgment and now here affirm the judgment of the trial court.