### PRIDGEN et al. v. FURNISH et al.
### (No. 1107—5359.)

Commission of Appeals of Texas, Section B.
Jan. 29, 1930.

Heilbron & Kilday and Nat L. Hardy, all of San Antonio, for plaintiffs in error.

Church, Lawley & Graves, Cunningham, Moursund & Johnson, and Lewright & Lewright, all of San Antonio, for defendants in error.

SPEER, J. This is an action brought by D. K. Furnish against Mary A. Pridgen, Oscar F. Pridgen, Adolph Wagner, E. P. Butler, and Mrs. E. P. Butler, seeking to recover personally against Mary A. Pridgen and Oscar F. Pridgen upon a certain vendor's lien note for $36,294.51, a part of the purchase money of lot No. 6, block 139 in the city of San

Antonio, known as the Butler Hotel property. The note was originally executed to Adolph Wagner and by him assigned to plaintiff. The other defendants were made parties because of the foreclosure sought. The defense finally interposed was that the deed was in truth a mortgage or trust and not a conveyance, as it purported to be.

There was an instructed verdict against the defendants the Pridgens and the Butlers on their plea for equitable relief, and the Pridgens and Butlers appealed. The Court of Civil Appeals first reversed in part, but upon a rehearing set aside, that judgment and affirmed the judgment of the trial court. 11 S.W.(2d) 844.

The case is before us upon a single assignment which is, in substance, that the court erred in peremptorily instructing a verdict in favor of the defendant Wagner and against the defendants (the Pridgens and the Butlers) because the uncontradicted testimony shows that the Pridgens placed the title to their property in the name of Wagner for the purpose of securing said Wagner in certain transactions, and that after certain adjustments had been made Wagner was to reconvey the property to the Pridgens.

Waiving any consideration of the sufficiency of this assignment to challenge the judgment in favor of defendant in error Furnish, and treating it as presenting fully such complaint, the assignment must be overruled.

The attack here is clearly an effort to impeach, contradict, and vary the plain unambiguous terms of the note and deed of conveyance, contractual in their nature, and by no sort of leniency can it be construed to be a mere explanation of the true consideration.

The note which is in the usual promissory form promises payment of the amount sued for and recites that it is given in part payment of lot No. 6 and a strip adjacent in new city block 139 in the city of San Antonio and is secured by an express vendor's lien in the deed that day given by Adolph Wagner to the maker thereof. The deed itself recites "the further consideration of the execution and delivery to me by the said Mary A. Pridgen and husband, Oscar F. Pridgen, of one certain promissory note in the principal sum of $36,-296.54 of even date herewith," and declares "it is expressly agreed and understood, however, that an expressed vendor's lien is retained on the property," to secure the said note. These stipulations are not mere recitations capable of being contradicted, but are unequivocal and contractual in their nature. No effort is made to avoid the contract for any vice rendering it voidable, but the effort is made to bring the case within the well-known rule that a recitation of consideration may be explained or even contradicted according to the real facts.

The judgment of the Court of Civil Appeals

**308**

is correct, and the authorities cited by it are conclusive. Additional authorities are not needed, but the case of Johnson v. Johnson (Tex. Com. App.) 14 S.W.(2d) 805, which is one of the latest, may be added to the same effect.

We therefore recommend that the judgments of both courts be affirmed.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both affirmed, as recommended by the Commission of Appeals.