### PRIDGEN et al. v. WAGNER.
### No. 9351.

Court of Civil Appeals of Texas.
San Antonio.

May 2, 1934.

Rehearing Denied May 30, 1934.

Maude F. Butler, of San Antonio, for appellants.

Church & Graves and Meritt Steger, all of San Antonio, for appellee.

FLY, Chief Justice.

In 1928 there was before this court [11 S. W.(2d) 844] the suit of Mary A. Pridgen et al. v. D. K. Furnish et al., in which the same property and the same issues were involved as in this case. In that case, as in this, it was shown that Adolph Wagner had made an exchange of properties that he held, known as the "Portland Hotel property," for property known as the "Broadway property," owned by Oscar Pridgen and his wife. In the exchange of the properties a $36,000 note was given by the Pridgens to Wagner, and he transferred this note to D. K. Furnish, who instituted suit upon it, and that suit was decided in 1928 in favor of Furnish as against the Pridgens. Afterwards a writ of error was granted by the Supreme Court and the judgment of this court was affirmed by the Supreme Court, through an opinion written by Judge Speer of the Commission of Appeals. Pridgen v. Furnish et al., 23 S.W.(2d) 307. In that case the controversy was between the same parties as in this case, as it was never contended that Furnish was not the owner of the note which he had purchased for value from Wagner. The contest was between Wagner and the Pridgens, as in this case, on the same state of facts and the same issues, and every material issue in that case is raised in this case and no other of any consequence or moment. This is clearly shown by the findings of fact against which no tenable objections are urged. We approve those findings, as follows:

"On October 8, 1924, the plaintiffs, Mary A. Pridgen and O. F. Pridgen, conveyed the Broadway property to the defendant, Adolph Wagner, and on said date the defendant, Adolph Wagner, conveyed the Portland Hotel property to the plaintiffs, Mary A. Pridgen and O. F. Pridgen, and plaintiffs, Mary A. Pridgen and O. F. Pridgen, gave their note for the sum of $36,000 to the defendant, Adolph Wagner, which note was secured by deed of trust lien and vendor's lien on the Portland Hotel property, and was also secured by a chattel mortgage on all of the furniture located in said Portland Hotel property.

"II. That the plaintiff, Maude F. Butler, discovered some time during the year 1926,

that the defendant, Adolph Wagner, had sold the $36,000 note given by plaintiffs, Mary A. Pridgen and O. F. Pridgen, to the defendant, Adolph Wagner; that said note was sold and transferred by the defendant, Adolph Wagner, to D. K. Furnish.

"III. That the plaintiffs discovered in 1924 or 1925 that the defendant, Adolph Wagner, would not place improvements on the Portland Hotel property.

"IV. That the plaintiffs discovered prior to 1926 that the defendant, Adolph Wagner, would not reconvey the Broadway property to plaintiffs, Mary A. Pridgen and O. F. Pridgen, and that all of said plaintiffs knew on or prior to December 31, 1926, that the defendant, Adolph Wagner, had refused to carry out, and would not carry out, any of the alleged representations as contained in plaintiffs' third amended original petition.

"V. That in 1926, D. K. Furnish filed suit in the Seventy-Third district court of Bexar county, Tex., against the present plaintiffs, Maude F. Butler, Mary A. Pridgen, and O. F. Pridgen, on the $36,000 note, and in said suit asked for a foreclosure of the vendor's lien and deed of trust lien on the Portland Hotel property; that copies of the pleadings and the judgment rendered in the former suit styled D. K. Furnish v. Mary A. Pridgen et al., No. B–44,926 on the docket of the Seventy-Third district court of Bexar county, Tex., were introduced in evidence in this cause in the form of an agreed statement, which agreed statement was filed in this cause on the 18th day of January, 1933; that the parties plaintiff and the defendant agreed by and through their attorneys of record that said agreed statement of the pleadings and judgment in said former suit should be used for the purpose of passing upon the pleas of res adjudicata and election of remedies of the defendant, Adolph Wagner, as contained in the third amended original answer of the defendant, Adolph Wagner. It was further agreed by the parties to this cause in said agreed statement that the opinion of the Court of Civil Appeals on motion for rehearing, as the same is set out in 11 S.W.(2d) 844, wherein Mary A. Pridgen et al. were appellants and D. K. Furnish et al. were appellees, and also the opinion of the Commission of Appeals, as the same is set out in 23 S.W.(2d) 307, should be used, together with the pleadings and judgment as contained in the agreed statement in passing upon the pleas of res adjudicata and election of remedies of the defendant, Adolph Wagner.

"VI. The court finds that the issues presented in the present suit are the same issues which were presented in the former suit, and that the material issues in this suit were between the same parties as in the former suit in the Seventy-Third district court.

"VII. The court further finds that the present suit of plaintiffs was instituted on April 1, 1930, the date on which the original petition in this cause was filed in this court.

"VIII. The court finds that by the use of reasonable diligence the plaintiffs could have discovered the alleged fraud practiced by the defendant, Adolph Wagner, on or before December 31, 1926."

The trial court held under these facts that the former suit between the parties was res adjudicata in this suit and that, also, the allegation of fraud in the suit now before this court was barred by limitation of two years from the time the fraud was alleged to have taken place. We uphold the plea of res adjudicata as between the parties and are of the opinion that the evidence in the case failed to show actionable fraud. The evidence indicates, if anything, a breach of contract rather than fraud.

We have considered the points hereinbefore discussed, although the brief of appellants is so indefinite and diffuse that we might well have refused to consider the points at all.

We see no error in the judgment, and it will be affirmed.