### STEPHENS v. CARR.

### No. 4603.

Court of Civil Appeals of Texas. Amarillo.

May 18, 1936.

Rehearing Denied June 15, 1936.

James W. Witherspoon, of Hereford, for appellant.

W. H. Russell, of Hereford, for appellee.

HALL, Chief Justice.

On the 16th day of October, 1934, Jack Carr, as party of the first part, and P. L. Stephens, as party of the second part, entered into the following written contract:

"The State of Texas }
"County of Parmer  }

"Sale and Exchange Agreement

"Whereas, Jack Carr, of Parmer County, Texas, is the owner of all of the East 160 acres, of the North 320 acres, of the south 640 acres, of Section No. 29, of Cyndicate Block 'C' of Parmer County, Texas, and has this day contracted and agreed to sell and convey such land to P. L. Stephens of said County, according to the terms and conditions hereinafter set out, it is therefore mutually agreed by and between the said Jack Carr, known herein as first party, and said P. L. Stephens, known herein as second party, as follows:

"1. First Party agrees to sell and second party to buy the above described land, at a price of. $16.00 per acre, to be paid as follows:

"a. Approximately $1,800.00 by the assumption of indebtedness secured by said land and owing to the Federal Land Commissioner and/or Federal Land Bank of Houston, second. party to accept title subject to such debt, but not to assume payment of same.

"b. All of the stock of merchandise and fixtures belonging to second party located

in the old brick Jack Carr building in Bovina, to be accepted in payment for said land on a basis of 90% of their original cost to said second party and not in any event to exceed $1,000.00.

"c. In the event the amount of such stock and fixtures figured on the above basis does not equal the purchase price for said land, then the balance to be paid by second party in case and in the event such stock and fixtures plus the amount of Federal loan to be assumed, exceeds the agreed purchase price for said land, then and 'in that event, ·first party shall pay the balance in cash to second party, but in no event shall the amount paid for the stock and fixtures exceed $1,000.00.

"2. It is understood that the bulk sales law will be followed in completing the sale of such stock of goods and fixtures, and it is further understood that each party hereto agrees to give good title to the property being sold or exchanged by him, and that first party agrees to give merchantable title to said land. ·

"3. It is agreed that in the event either party hereto fails to fully perform his part of this agreement and fully consummate this contract within a period of 30 days from this date, that the · other party may at his option consider this agreement as forfeited."

On June 25, 1936, Carr filed this suit against Stephens, alleging in substance that the effect of the contract was to bind him to convey to appellant the land described therein, further alleging that he did convey said land to the appellant by warranty deed, and , in consideration of said conveyance the appellant assumed certain indebtedness then existing against the land, and delivered to appellee a certain stock of merchandise and fixtures, being principally parts for John Deere implements; that the appellant further agreed to transfer and assign to him his agency contract and agreement with the John Deere corporation, and to see that the appellee was appointed the local agent for said company at Bovina, Tex., and, in the event appellee should not receive said appointment as such agent, then the deal should not be consummated and should in all things be held for naught and void; that the appellee conveyed to appellant the land above described, and appellant delivered to appellee the merchandise and machinery parts, but wholly failed and refused to transfer and assign to appel-

lee said agency aforesaid, but, on the contrary, appellant has taken and accepted said agency for the year 1935, and has put in a stock of machinery parts, whereby he has, in a material way, breached said contract. Appellee charges that his equity in the land is of the reasonable value of $1,500, and that said agency contract is of the reasonable value of $1,500, and by reason of the premises the appellee has been damaged in the sum of $3,000, for which amount he prays for judgment.

The appellant answered by general demurrer, special exceptions, a general denial, setting out his version of the contract, the details of which we deem unnecessary in view of the disposition we make of the case.

On July 19, 1935, the appellee filed his first amended original petition which should have been styled "Plaintiff's First Supplemental Petition," in which he alleged in substance that it is true that the parties entered into a written contract, but said writing did not contain all of the contract and agreements had at said time by and between the parties thereto, and that the real contract is partly in writing and partly verbal; that by the verbal portion of the agreement it was specially understood that the appellant, who was at that time the local agent at Bovina for the John Deere Corporation and was indebted to said corporation, told the appellee as a material part of their contract and consideration that he (appellant) would "get out of the way," meaning that he would resign· as agent and would permit appellee to apply for the agency, and told appellee, if the company aforesaid insisted upon appellee's paying off at said time certain indebtedness which he (appellant) then owed the company, that all of said contract, both the written and verbal portions thereof, should and would be void, appellant then informing appellee that he (appellant) would relinquish his said agency for said company and would permit the appellee to apply for said agency, and, if it could not be obtained, and/or if said company should demand payment of appellee of his indebtedness, then, in either or both of said events, the contract between the parties should be null and void and of no force and effect; that is to say, that all of the contract between said parties was contingent upon appellee's obtaining said agency for said John Deere Corporation at Bovina, and the non-

enforcement by said company of appellant's debt against appellee at said time, and, in the event of either contingency, then the whole of said agreement should become void as aforesaid, or, in other words, all of said agreement and contract between said parties was a contingent contract, and was not to become effective until said conditions aforesaid were fulfilled; that the scrivener who drew said written contract started to incorporate into said writing the above and foregoing conditions, but, at the special instance and request of appellant, said terms and conditions and contingencies were omitted.

It is further alleged that under the provisions of the written part of said contract, and also including the verbal parts, it was agreed that the same should be consummated within thirty days from the date thereof; that the appellant did not comply with his part of said contract in relinquishing his agency with the John Deere Corporation and in permitting the appellee to obtain or endeavor to obtain said agency, but appellant continued to retain said agency, whereupon appellee refused to convey to appellant the land he had contracted to convey as described by both appellant and appellee; that thereafter appellant filed suit in the district court of Parmer county, and after the suit had been filed appellee and appellant opened negotiations looking to the consummation of their original contracts and agreements, and appellant again told appellee that he would go forward with his part of the agreement, and especially with that part of the same wherein he had agreed to relinquish his agency with the John Deere Corporation, and appellee, relying upon said promises, conveyed said land to appellant, but, after appellant obtained such conveyance, he wholly breached said contract, and failed and refused to relinquish his agency with the John Deere Corporation in order to permit appellee to receive the appointment as such agent, and, on the contract, retained said agency and appointment for the year 1935, and he denies the allegation made by appellant that, at the time appellee make his deed of conveyance, said parties completed, compromised, and settled their differences, but, on the contract, alleges that said deed was made under circumstances and upon the contract and agreement between said parties as above pleaded.

The appellee further alleged that, at the time he executed and delivered the deed to appellant, he received the merchandise, being certain parts and repairs for the machinery manufactured by the John Deere Corporation, especially parts for tractors, plows, combines, and other farming machinery; that said deed of conveyance was executed and delivered, and said parts and repairs accepted, under the distinct contract and agreement between the appellee and appellant that appellant would relinquish his agency and would permit appellee to acquire said agency, and, if he could not so obtain said agency, or if the appellant did not resign as agent and give appellee an opportunity to secure the appointment as such, then said contract should not be carried out, but all the agreements and understanding between the parties were that, if appellee did not obtain said agency, then none of said contract should be carried out, and that it was contingent upon appellee's obtaining the appointment as agent for the John Deere Corporation, this being their last agreement and the time when appellee conveyed to the appellant the land and accepted the merchandise, parts, and repairs mentioned above; that said agency is a valuable one and worth $1,500; that without said agency the parts and repairs are worthless and of no value to appellee; not being an agent, he had no way to replenish and keep up his stock and could not obtain parts from the John Deere Corporation; that the merchandise and parts received by appellee amounted to the sum of $884.80, and appellee paid to appellant the sum of $74 at the time the exchange was consummated, all of which said merchandise and parts appellee tenders to the appellant and prays for an accounting.

It appears from these allegations that the written portion of the contract has been fully executed and the terms complied with by both parties, and that appellee bases his action for damages upon a breach of the verbal portion.

The controversy was submitted to a jury upon three special issues as follows:

"1. What do you find, from the preponderance of the evidence, was the agreed invoice price of the John Deere Plow Company parts and other property Jack Carr, the plaintiff, received from P. L. Stephens, the defendant, in their trade whereby defendant acquired the 160 acres of land in Parmer County, Texas from plaintiff under

the deed dated December 19, 1934? Answer: $776.00.

"2. From the preponderance of the evidence how much cash, if any, do you find the plaintiff paid to defendant at the time they exchanged properties whereby plaintiff received the John Deere parts and the other property? Answer: $74.00.

"3. From the preponderance of the evidence, how much of said John Deere parts do you find plaintiff has sold that he acquired from defendant? Answer: 464.50."

Based upon the verdict, the court rendered judgment in favor of Carr and against appellant, Stephens, in the sum of $385.50, with all costs, and interest from the date of the judgment.

The appellant's first contention, urged under several propositions, is that the court erred in overruling his general demurrer and special exceptions to appellee's pleading. We sustain this contention.

■■■ It was shown that the appellee conveyed the land to appellant by a regular warranty deed, and appellee could not ingraft upon the transaction, by parole evidence, an inconsistent and repugnant term and condition. As said in 14 Tex.Jur. 824, § 61: "In the absence of a showing of accident, mistake, fraud or similar grounds for relief, it is a rule of general application that when the grantor places a deed in the hands of the grantee, except for some special purpose, the law conclusively presumes that he intended it to become operative as a conveyance, and the delivery is complete and valid. If the instrument contains no express reservations or conditions, even though it is the grantor's intention that it is not to become operative until the happening of a certain contingency, the delivery is effectual to pass title presently. * * * There are two grounds upon which the above rule is based; first, upon the well-known rule of evidence that parole testimony is not admissible to vary the terms of a written instrument; and, second, that there can be no delivery in escrow to the grantee. Delivery to a third person is essential to an escrow. This is said to be one of the instances in which the law fails to give effect to the honest intention of the parties for the reason that they have not adopted the legal means of accomplishing their object." 12 Tex.Jur. p. 128, § 84; Holt v. Gordon, 107 Tex. 137, 174 S.W. 1097; Pridgen v. Furnish (Tex.Civ.App.) 11 S.W.(2d) 844; Id. (Tex.Com.App.) 23 S.W.(2d) 307; Parker v. Sorell (Tex. Civ.App.) 230 S.W. 819.

The condition upon which the deed was delivered to the grantee, as agreed in the settlement of their lawsuit and as stated above, is that appellant would resign as agent and would permit appellee to apply for the agency; otherwise all of said contract, both the written and verbal portions thereof, should and would be void.

The appellee's cause of action is simply one for damages for breach of this verbal agreement and a failure to perform the condition upon which it is alleged the contract depended for its validity. Under the rule just announced, testimony would be inadmissible to prove the condition, as the effect of such evidence would be to destroy the deed. The appellee does not allege fraud, accident, mistake, or any other equitable ground.

Appellee had no right to rely upon any assurance given him by Stephens that upon the latter's resignation appellee would be appointed the agent of the John Deere Plow Company at Bovina.

A similar question was presented in Allen v. Massey-Harris Co. (Tex.Civ.App.) 88 S.W.(2d) 1097, 1099. Appellee was sued upon a note and to foreclose a mortgage lien on a combine. The gist of his defense was that the agent representing the machinery company assured him that in the future an adequate store of supplies for repairs for the combine would be maintained at Plainview near the home of the defendant, and that, if he bought the combine, he could rest assured there would be at all future times a store of supplies where repairs were kept by the Massey-Harris Company, because they were coming into that territory to stay. His defense is based entirely upon the failure of the Massey-Harris Company to maintain a store at Plainview where parts and repairs for the machine could be obtained. Quoting from 10 Tex.Jur. 974, Judge Martin, speaking for this court, said: "Furthermore, in the case of transactions conducted by individual officers, those dealing with such officers are presumed to know that there can be no implied authority which is inconsistent with the control of corporate affairs exercisable by the board of directors, their right to control the corporation being a matter of public law and knowledge. It is therefore a presumption of law that a corporate officer has exceeded his authority where his

act encroaches on the powers of the board of directors."

` As stated, the promise alleged to have been made by Stephens that he would "get out of the way" and let Carr be appointed agent was not made by an officer, but merely a sales agent of the company, and for a stronger reason the appellee had no right to rely upon any such promise or representation. The matter of appointing agents and determining who shall represent a company of that kind in the territory where it does business is a matter of purely business policy, the determination of which is vested exclusively in the board of directors. See, also, Lott v. Farmers' State Bank (Tex. Civ.App.) 254 S.W. 1024, 1027, and other authorities cited in the Allen Case.

Where a demurrer has been erroneously overruled and the case has been tried under those conditions, and this court holds that the pleading was insufficient, the proper disposition to make of the case is to reverse and remand it in order that the pleading which was held sufficient may be amended, if the party desires to do so.

The errors pointed out require a reversal. In view of another trial, we suggest that the court erred in refusing to submit the issue of compromise and settlement.

For the reasons stated, the judgment is reversed and the cause remanded.