**BUTLER v. WAGNER.**

No. 9883.

Court of Civil Appeals of Texas. San Antonio.

March 31, 1937.

Rehearing Denied April 28, 1937.

Maude F. Butler, of San Antonio, for appellant.

Church & Steger, of San Antonio, for appellee.

SLATTON, Justice.

This suit was instituted by Maude F. Butler, Mary A. Pridgen, and Oscar F. Pridgen, in the nature of a bill of review, against Adolph Wagner, seeking to set aside a judgment rendered in the Forty-Fifth district court of Bexar county, on the 8th day of June, A. D. 1933, in cause No. B–58,763.

That judgment was affirmed by this court, styled Mary A. Pridgen et al. v. Adolph Wagner, 72 S.W.(2d) 415.

Adolph Wagner filed a cross-action against all of the plaintiffs below seeking an injunction to restrain each and all of the plaintiffs below from filing further suits against him, arising out of the exchange of certain properties between the parties. The trial court sustained a general demurrer to the bill of review, and

after hearing evidence granted a permanent injunction as prayed for by the appellee.

Apparently the theory is, as disclosed by the appellant in her bill of review, that her attorney had connived with attorneys for appellee in the former suit, which resulted in the entry of the judgment sought to be set aside; and further fraudulent representations were charged against the appellee in the exchange of real property, which was determined by this court in the case of Mary A. Pridgen et al. v. Furnish et al., 11 S.W.(2d) 844, which was later determined by the Supreme Court, through the Commission of Appeals, in 23 S.W.(2d) 307.

The sole appellant, Maude F. Butler, filed an affidavit in lieu of a cost bond; her co-plaintiffs, Mary A. Pridgen and Oscar F. Pridgen, did not file an affidavit in lieu of a cost bond, nor did they file a cost bond.

A review of the opinions heretofore cited will disclose a sufficient statement of the facts necessary for a determination of the cause here. We have read the record in all of these appeals, and apparently the only new matter alleged by the plaintiffs below is the charge that a conspiracy was entered into by and between their attorney and the attorneys for appellee in the trial of the cause which is reported in (Tex.Civ. App.) 72 S.W.(2d) 415, and that such conspiracy entitles a third litigation between the same parties of the same subject-matter.

■ We think the action of the trial court in sustaining a general demurrer to the pleadings of appellant, on the theory of res adjudicata, is correct. The exchange of property out of which this litigation arose occurred on or about October 4, 1924. It was during the negotiations, at or before that time, that the promises and fraudulent representations were alleged to have been made by appellee. Litigation was had by and between the appellant and the appellee and terminated favorably to the appellee and against the appellant, on January 29, 1930, by our Supreme Court. Appellant relitigated the same question, and it was finally determined against her and in favor of appellee on May 2, 1934, by this court. Her pleadings seeking a bill of review is an attempt to relitigate the same matter the third time.

The paramount reason for the rule of res adjudicata is to end litigation. That the trial court was correct in this case is sustained by the following authorities: 21 C.J. 741, § 897; Randon v. Cartwright, 3 Tex. 267; Johnson v. Templeton, 60 Tex. 238; Griffith v. Tipps (Tex.Civ.App.) 69 S.W. (2d) 846; Republic Supply Co. v. Weaver (Tex.Civ.App.) 235 S.W. 684.

■ In view of the history of this litigation, as we have heretofore pointed out, we think the trial court correctly issued a permanent injunction enjoining each and all of the plaintiffs below from attacking or in any way disparaging the title to the property known as lots 8 and 9, block 18, new city block 964, situated in San Antonio, Tex., and from instituting any suit whatever in any court of this state attacking, involving, or questioning the title of the appellee to said property, and from bringing any suit in any court of this state for damages for fraud, breach of contract, or other form of action involving the exchange of the properties between the plaintiffs below and the defendants.

■ There must at some time be an end to litigation between the same parties over the same subject-matter, and if the rule of res adjudicata cannot accomplish this, a court of equity certainly has the power by the issuance of a writ of injunction.

In the case of Ellerd v. White (Tex.Civ. App.) 251 S.W. 274, 277, the court said:

"We need not take the time to recite the history of the development of the jurisdiction of courts of equity to prevent a multiplicity of suits. See Pomeroy's Equity Jurisprudence, §§ 243–275. The authorities sustain the right of a court of equity to enjoin the institution of vexatious and unfounded suits after the matter in issue between the parties has been settled by judgment in a suit or suits between them."

To the same effect is the case of Ebner v. Nall (Tex.Civ.App.) 95 S.W.(2d) 1004. The same rule is recognized in our federal courts. Sterling v. Gredig (D.C.) 5 F. Supp. 329, and authorities there cited.

From what has been said, it follows that the judgment of the trial court should be and is hereby affirmed.