## BUTLER v. CHURCH et al.

### No. 3163.

Court of Civil Appeals of Texas. Beaumont.

Nov. 23, 1937.

Rehearing Denied Dec. 1, 1937.

Maude F. Butler, of San Antonio, for appellant.

James V. Graves, Church & Steger, and Wm. Alter, all of San Antonio, for appellees.

COMBS, Justice.

This appeal is from a judgment of the Seventy-Third district court of Bexar county, sustaining a general demurrer to plaintiff's petition and dismissing her suit. The appeal was to the San Antonio Court of Civil Appeals, and is before us on transfer by the Supreme Court.

This case appears to be an aftermath of much litigation growing out of the same transaction. The first suit was filed October 8, 1924, by D. K. Furnish against Mary A. Pridgen, Oscar F. Pridgen, Adolph Wagner, E. P. Butler, and Mrs. E. B. Butler (Mrs. Maude F. Butler), seeking judgment on a note for $36,294.51, given by the Pridgens to Wagner and by him transferred to Furnish, and foreclosure of a lien on certain property in San Antonio. A judgment of the trial court in favor of Furnish for the debt and foreclosure of the lien was affirmed by the San Antonio Court of Civil Appeals. Pridgen v. Furnish, 11 S.W.2d 844. That judgment was affirmed by the Commission of Appeals, 23 S.W.2d 307. Subsequently the Pridgens and Butlers filed another suit wherein they sued Wagner on allegations of fraud growing out of the execution of the note and exchange of properties. That case was determined in favor of Wagner, and the judgment of the trial court was affirmed by the San Antonio Court of Civil Appeals. Pridgen v. Wagner, 72 S.W.2d 415 (writ of error refused). Thereafter, Mrs. Butler and the Pridgens filed a suit in the district court of Bexar county in the nature of a bill of review to set aside the judgment. The trial court sustained a general demurrer to the pleadings on the theory of res adjudicata, which judgment was affirmed by the San Antonio Court of Civil Appeals. Butler v. Wagner, 104 S.W.2d 78. The plaintiff's petition in the present proceeding alleges fraud on the part of Wagner in the original transaction in which the note first sued upon was given, and alleges collusion upon the part of her attorney and the attorneys of Wagner in connection with the withdrawal of a supplemental petition in the suit which was affirmed in Pridgen v. Wagner, 72 S.W.2d 415, above referred to. She sues said parties as defendants for damages in the total amount of $100,000. The trial court sustained a general demurrer and dismissed the suit from which judgment Mrs. Butler has appealed.

### Opinion.

We do not have before us the records of the various trials above referred to, but the Seventy-Third district court of Bexar county and Court of Civil Appeals at San Antonio had the right to take judicial knowledge of the records and judgments of their respective courts. Hobbs v. Boyd (Tex.Civ.App.) 292 S.W. 947; Bickle v. City of Panhandle (Tex.Civ.App.) 43 S.W. 2d 640; Cochran County v. Boyd (Tex. Civ.App.) 26 S.W.2d 364; Griffith v. Tipps (Tex.Civ.App.) 69 S.W.2d 846. A reading of the several opinions of the San Antonio Court of Civil Appeals in the former litigation reveals that with full knowledge of the records involved in this long litigation that court has twice decided appellant's alleged cause of action for fraud against her.

In the opinion reported in Butler v. Wagner (Tex.Civ.App.) 104 S.W.2d 78, 79, Judge Slatton said:

"Apparently the theory is, as disclosed by the appellant in her bill of review, that her attorney had connived with attorneys for appellee in the former suit, which resulted in the entry of the judgment sought to be set aside; and further fraudulent representations were charged against the appellee in the exchange of real property, which was determined by this court in the case of Mary A. Pridgen et al. v. Furnish et al., 11 S.W.2d 844, which was later determined by the Supreme Court, through the Commission of Appeals, in 23 S.W. 2d 307. * * *

"A review of the opinions heretofore cited will disclose a sufficient statement of the facts necessary for a determination of the cause here. We have read the record in all of these appeals, and apparently the only new matter alleged by the plaintiffs below is the charge that a conspiracy was entered into by and between their attorney and the attorneys for appellee in the trial of the cause which is reported in [Pridgen v. Wagner] (Tex.Civ. App.) 72 S.W.2d 415, and that such conspiracy entitles a third litigation between the same parties of the same subject-matter."

In all essential respects the alleged cause of action which the appellant attempted to assert in the present case is grounded upon the same transactions. There must be an end to litigation somewhere. It is to accomplish such purpose that the principle

of res adjudicata was evolved. That it barred the right of the plaintiff to prosecute this suit we have no doubt.

The judgment of the trial court is affirmed.