## PRIDGEN v. BUBELLA et al.
### No. 12075.

Court of Civil Appeals of Texas.
San Antonio.

April 5, 1950.

Rehearing Denied May 3, 1950.

M. Fitzallen Pridgen, Austin, for appellant.

Birkhead, Beckmann, Stanard, Vance & Wood, San Antonio, for appellees.

PER CURIAM.

This is an appeal from the following judgment of the District Court, 37th Judicial District, Bexar County, Texas, dismissing appellant's cause of action:

"On this, the 8th day of September, 1949, came on to be heard the motion of the Defendants herein that this cause be dismissed, and came Plaintiff in person and came Defendants by their attorney and all parties announced ready on the motion, whereupon the Court proceeded to hear and determine said motion; and having heard the pleadings and the evidence, the Court finds as follows:

"1. That Plaintiff, M. Fitzallen Pridgen, is the same person as Maude P. Butler.

"2. That this suit is for recovery of title and possession of certain real property situated in the City of San Antonio, Bexar County, Texas, described as Lots 8 and 9, Block 18, New City Block 964, fronting on the west side of Broadway, and for damages for alleged wrongful acts of the Defendants in removing certain improvements from said premises.

"3. That the claims of Maude P. Butler, and therefore of the Plaintiff, M. Fitzallen Pridgen, against Adolph Wagner, now deceased, to the title of said property, have heretofore been adjudicated against her in various suits and causes of action brought by her against Adolph Wagner for the same, including Cause No. B-44,926, consolidated with Cause No. B-44,170, in the 73rd District Court, wherein final judgment adverse to said Plaintiff was rendered on January 17, 1928.

"4. That the claims of Maude P. Butler, and therefore of the plaintiff, M. Fitzallen Pridgen, to the title to the above described property against Amanda Wagner, surviving widow of the said Adolph Wagner, but who is now also deceased, have heretofore been adjudicated against the Plaintiff herein in suits brought by this same Plaintiff against the said Amanda Wagner, including among others, a suit in the 57th District Court of Bexar County, No. F-18,-646, on the docket of said Court entitled Maude Butler vs. Amanda Wagner, wherein judgment dated October 2, 1944, was rendered against said Plaintiff, Maude Butler, and in favor of said Amanda Wagner.

"5. That the suit brought herein by said Plaintiff is upon the same cause of action, and for the same relief, as in the earlier suits hereinabove mentioned, and said earlier judgments still remain in full force and effect, in no wise reversed or made inoperative or void, and the Defendant Bubella holds title to the premises above described, by, through and under Amanda Wagner and Adolph Wagner, the defendants in said earlier suits hereinabove mentioned.

"6. That Amanda Wagner is deceased, and that the beneficiaries of her will and estate duly conveyed the above described property to the Defendant, Paul Bubella, and he is the lawful owner thereof, and was the lawful owner thereof at all times that the alleged acts on his part of which Plaintiff complains, were done.

"7. That Plaintiff has brought this suit in contravention of injunctions legally issued in various causes by the courts of Bexar County, including an injunction issued October 31, 1931, in Cause No. B-64,006, styled Mary A. Pridgen, et al. vs. D. K. Furnish et al., in the 73rd District Court of Bexar County.

"8. That Plaintiff did not bring this suit against the Defendants herein in good faith, and Plaintiff has brought this suit in an attempt to aggravate the Defendants and in violation of the orders and injunctions issued by the district courts of Bexar County.

"Wherefore, it is Ordered, Adjudged and Decreed that this cause be, and the same is, hereby dismissed at the cost of Plaintiff, for which let execution issue.

"Dated this 9th day of September, 1949."

There is no statement of facts in the record and we must presume that the findings of the trial court are fully supported by the evidence. Jennings v. Fredericks, Tex.Civ.App., 190 S.W.2d 707; Jaeger v. Cullen, Tex.Civ.App., 183 S.W.2d 584; Parsons v. West, Tex.Civ.App., 159 S.W.2d 224.

The finding of the trial court that the claims of Maude P. Butler and, therefore, of appellant, M. Fitzallen Pridgen, against Adolph Wagner, now deceased, and others to the title of the property herein involved have been heretofore adjudicated against her in various suits and causes of action brought by her, is further supported by the following reported cases: Pridgen v. Furnish, Tex.Civ.App., 11 S.W.2d 844, affirmed, Tex.Com.App., 23 S.W.2d 307; Pridgen v. Wagner, Tex.Civ.App., 72 S.W.2d 415; Butler v. Wagner, Tex.Civ.App., 104 S.W.2d 78; Butler v. Wagner, Tex.Civ.App., 186 S.W.2d 846.

The judgment of the trial court is affirmed.