## Caplo v. Schiavo (No. 3)

*Henry Thalenfeld,* for plaintiff.

*Cletus M. Lyman* and *Anthony J. Ciotola,* for defendant.

PINOLA, J., January 23, 1956.—Plaintiff and defendant were at one time copartners in the operation of the Central Cabinet Making School, a trade school in the City of Hazleton.

Plaintiff avers in the complaint that on June 30, 1949, and various other dates, defendant issued checks of the partnership in payment of fictitious debts, totaling $8,446.52.

He had no notice or knowledge of these transactions until December 4, 1950, when defendant was indicted by a Federal Grand Jury at Scranton.

Plaintiff avers that he has demanded of defendant "an accounting of the aforesaid proceeds and payment of one-half thereof accruing to plaintiff," and in the prayer he asks for "an accounting by the defendant of the sum of $8,446.52, being the aggregate of the proceeds represented by the checks . . . cashed and the proceeds retained by defendant."

Defendant has filed preliminary objections, the first of which he withdrew at argument. In the second he avers that the complaint does not set forth whether the partnership is in existence or whether it has been dissolved and it fails to set forth whether a general partnership accounting or settlement has been had or agreed upon between the partners. The third objection contains the same averments. The fourth sets up the defense of laches. In the fifth objection, through incorporation by reference to proceedings had to No. 11, October term, 1954, in equity, defendant seeks to direct our attention to certain facts, to wit, that the partnership business was converted into a corporation on June 1, 1950, and that thereafter plaintiff and defendant each owned one half of the corporate stock.

Further, that on July 9, 1951, both plaintiff and defendant conveyed their stock in the corporation to three brothers of plaintiff who thereafter operated the corporation.

The sixth objection is to the effect that the complaint fails to set forth who had control of the partnership books.

While plaintiff has presented what purports to be a complaint for an accounting, this action is not, in fact, such an action.

An action for an "accounting" is a proceeding in equity for the purpose of obtaining a judicial settlement of the accounts of the partners, in which proceeding the court will adjudicate the amount due, administer full relief and render complete justice.

In this case counsel has used the word "accounting" in the sense of rendering over or paying or delivering to his client that which is due from defendant. The term "accounting" is here used to mean the payment of the amount which he alleges to be due. Therefore the complaint is subject to the same objections which might be made against it in an action at law.

We must sustain preliminary objections 2 and 3, because in partnership affairs one partner has no right to demand an accounting of a particular item alone. Where a right to an accounting exists, the court directs that a full and complete statement of the accounts be taken: 40 Am. Jur. 372, Partnership, §347.

If the partnership has been dissolved, then the affairs must be wound up before it is terminated. On the other hand, if the partnership was converted into a corporation and nothing further remained to be done, then and in such case the partnership was terminated and plaintiff would have no right to maintain an action as a partner.

While facts averred in preliminary objections convert a demurrer into a speaking demurrer, rendering

it bad, in this case defendant asks us to take judicial notice of certain sworn statements in plaintiff's answer to the proceedings had to No. 11, October term, 1954, in equity. This we have a right to do. The records of the court in another case involving the same transaction have been judicially noticed: State ex rel. Jones v. Miller, 221 S. W. 88, (Mo.) ; Butler v. Church, 110 S. W. 2d 145, (Texas). See also Cohen's License, 42 D. & C. 360, 365, where the court declared:

"The facts in the cases are so interdependent and of such character that in the interest of justice they should be considered together."

As defendant in that action the present plaintiff swore that he and the present defendant transferred the entire stock in the corporation to the three brothers of plaintiff and that they had completely divested themselves of all interest in the corporation. In paragraph 23, he swore "that the corporate defendant and the assets which it owned are the sole and exclusive property of defendants, Anthony Caplo, James Caplo, and Daniel Caplo, by reason of their absolute and unqualified ownership of all of the outstanding capital stock of the corporate defendant."

These sworn statements confirm us in our conclusion that plaintiff's complaint as stated is insufficient.

While the defense of laches, preliminary objection 4, may properly be raised at this time under Pa. R. C. P. 1509(b), we do not think that it need be considered until it is first determined that plaintiff has properly stated a cause of action.

Under the circumstances, we enter the following

*Order*

We sustain preliminary objections 2 and 3 and direct that plaintiff file an amended pleading in conformity with this decision.